## ANN J. KELLY v. WILLIAM REYNOLDS.

### Will—Construction of bequest.

A testator began his will with the words: "To my wife the provision made for her by the statutes of this State I deem sufficient," and after providing sundry legacies to others, he added a clause giving to his son "all the residue of my estate after paying the above bequests, legacies and my debts and the expenses of settling my estate." *Held* that he meant to give his wife what she would have received if he had died intestate.

Certiorari to Macomb Circuit Court. Submitted October 16. Decided October 29.

APPEAL to the Circuit Court from an order of the Probate Court dismissing a petition by Ann J. Kelly, executrix of the will of Lola Reynolds, asking for the assignment to her, as executrix, of one-third of the residue of the estate of decedent's husband John Reynolds, such portion of the estate being held by his executor William Reynolds. The Circuit Court affirmed the order, and the petitioner brings up the proceedings by writ of certiorari.

*Crocker & Hutchins* for plaintiff in certiorari cited as to construction, *Lloyd v. Rambo*, 35 Ala., 709; *Smith v. Martin*, 18 Ala., 819; *Brown v. Brown*, 2 Ired. Ch., 309.

*Irving D. Hanscom* and *A. B. Maynard* for defendant in certiorari, cited *Miller v. Stepper*, 32 Mich., 194.

COOLEY, J. What did the testator mean by the first clause in his will, is the only question which this record presents. The plaintiff says he meant to have his widow take so much of his estate as would have passed to or been set off to her under the statutes had he died intestate. The defendant, on the other hand, says his intent was that she should take so much only as she would take under the statute after giving effect to all the gifts he makes to others by the will. The difference is important; according to the one construction the widow would share in the personal estate after the legacies to the daughters and the debts and expenses were paid; according to the other the whole of the residue would go to William.

The testator begins his will by saying, "To my wife the provision made for her by the statutes of this State I deem sufficient." If this were the only clause in the will, the widow unquestionably would take as in case of intestacy. The clear purpose would then be held to be that the widow should take the provision the statutes give her: the same provision; no more, but also no less.

Nothing that by any construction can be held to declare a different intent is found until the residuary clause is reached. By that the testator gives to William "all the residue of my estate, after paying the above bequests and legacies, and my debts and the expenses of settling my estate." This, it is said, gives the whole personalty to William, deducting only bequests, legacies, debts and expenses, and also certain allowances which the statute makes the widow in every case, and over which the testator has no control. Those allowances the widow has had in this case.

Now the argument for the executor is that the first clause *gives* nothing to the widow; it merely leaves her to take under the statutes. It does not, therefore, constitute a bequest or legacy; and as William is to have the whole residue, deducting bequests, legacies, debts

and expenses only, it follows that nothing can be deducted as a statutory allowance to the widow.

It is not very safe to base arguments upon a supposition that words of art have been employed with technical accuracy in a testamentary instrument. Wills are often drawn by laymen who aim rather to use effective words to express their meaning than to make use of language that will bear nice criticism. If they use expressions that appear to convey clearly to the common mind the purpose to make a particular gift they are not likely to go to a law dictionary to ascertain whether they ought to call it a devise, a bequest or a legacy. Perhaps if they have a common form book at hand, all these words will be applied to the simplest gift of a chattel. But it is of no importance whatever so that we can clearly see what was meant.

Now in this case the testator made no gift to his wife, and yet it is not unlikely that in his mind it seemed to be a gift. He commences the clause as if it so seemed: "To my wife," he says, as if he were giving. But the real purpose seems to us plain enough. Had he said "the statutes make for my wife if she survives me a suitable and fair provision when considered with reference to the demands of others upon me: I cannot better it, therefore I will not change it,"—the meaning would have been the same as now. And there would be nothing strange if he were to class a provision thus made with the gifts actually made by his will, applying to them a common term in the residuary clause.

Had the husband's purpose been to cut down the wife's statutory provision, he ought to have said something like this: "To my wife I think the statutes give more than she deserves and therefore my will is that she shall have no share in what shall be left after legacies, debts and expenses are paid, but that the whole shall go to the son to whom I have already given my farm." That would have expressed exactly the intent the executor now thinks he discovers in the will. It

would, it is true, have sounded somewhat ungracious, but another clause in the will shows that the testator did not hesitate to use plain words. We are unwilling to find in the will any such meaning where a construction consistent with proper feeling is at least equally natural and reasonable.

The cases of *Stineman's Appeal*, 34 Penn. St. 394, and *Adamson v. Ayres*, 5 N. J. Ch., 349, are not unlike the present in some of their peculiarities and support our view that the construction most favorable to the widow should be preferred.

The judgment must be reversed, and the case remanded to the probate court for proceedings in accordance with this opinion.

The other Justices concurred.