MURDOCH v. BILDERBACK.

WILLS—CONSTRUCTION—BEQUEST TO WIDOW.

* In the first clause of testator's will he bequeathed to his half-brother a specific piece of land. By the second clause he bequeathed another specific piece to his sister. By the third clause he gave and bequeathed unto his wife "all the statute of the State of Michigan allows a widow." By the fourth clause he bequeathed the remainder of his estate, both real and personal, to his brother and two sisters, "after my wife receives what the statute of the State of Michigan allows a widow." *Held*, that, as the testator died without issue, his widow is entitled to one-half of his real estate, which the statute gives her.

*Certiorari* to Cass; Carr, J.  Submitted October 2, 1900.  Decided October 31, 1900.

Ellen J. Tice appealed from an order of the probate court construing the last will and testament of William H. Tice, deceased.  John Bilderback, administrator with the will annexed, appeared for the estate.  The order was sustained in the circuit, and George H. Murdoch, Jr., administrator of the estate of said Ellen J. Tice, brings *certiorari*.  Reversed.

One William H. Tice died testate.  His will reads as follows:

"1. I give and bequeath unto my half-brother, Talmage Tice, the following-described piece and parcel of land,

---

* Head-note by GRANT, J.

described as follows: The west one-half of the southeast fr. ¼ in section thirty, town five, range sixteen west; all being in Cass county and State of Michigan.

"2. I give and bequeath unto my sister Susan Gilbert the following-described piece and parcel of land, described as follows: The east one-half of the southeast fr. ¼ in section thirty, town five south, range sixteen west; all being in Cass county and State of Michigan.

"3. I give and bequeath unto my wife, Ellen Tice, all the statute of the State of Michigan allows a widow.

"4. I give and bequeath unto my brother Myron Tice, and my sisters Mary Armstrong and Almira Schermerhorn, all the remainder of my estate, both real and personal, to be divided equal after my wife receives what the statute of the State of Michigan allows a widow."

Tice died without issue. The widow elected to take under the will. The court below held that Talmage Tice and Mrs. Susan Gilbert took the entirety of the lands devised to them, free and clear of all debts, subject to the widow's right of dower, and that Myron Tice, Mary Armstrong, and Almira Schermerhorn took the residue of all the real estate, subject to the dower interest of said widow, and further subject to all the debts and expenses of administration.

*Andrews & Murdoch,* for appellant.

*F. J. Atwell,* for appellee and residuary legatees.

*Coy W. Hendryx,* for devisees Talmage Tice and Susan Gilbert.

GRANT, J. *(after stating the facts).* The statute gives to the widow whose husband has died without issue one-half of his estate. 3 Comp. Laws 1897, § 9064, subd. 2. The testator is presumed to have known this law. The decision of the court below holds that this provision is excluded by the will, and that the widow has only her right of dower. The intent of the testator in this case is to be determined from the four corners of the instrument. The law favors that construction of the will which conforms most nearly to the general rule of inheritance.

*Rivenett* v. *Bourquin,* 53 Mich. 10 (18 N. W. 537); *In re Lamb's Estate,* 122 Mich. 239 (80 N. W. 1081). As to the construction to be placed upon the language of a will, see *In re Lamb's Estate, supra,* and cases there cited; also *In re Gotzian,* 34 Minn. 159 (24 N. W. 920, 57 Am. Rep. 43).

What the extent of the testator's estate was does not appear in this record. It is stated in the brief of counsel for one of the appellees that all the real estate of testator was disposed of by his will. The statute as clearly gives the widow, where there is no issue, one-half of the real estate, as it gives her any other part of the estate. Twice the testator bequeaths to his widow all that the statute allows her. The language is comprehensive, and includes all the statutory provisions for her benefit. It clearly makes the other specific bequests subject to her rights. *Kelly* v. *Reynolds,* 39 Mich. 464 (33 Am. Rep. 418).

The judgment is reversed, with costs of both courts, and judgment entered in this court for plaintiff.

The other Justices concurred.