COSETTE H. MARVICK, Appellee, v. LAURENTIA DONHOWE et al., Appellants.

**WILLS:** Construction—Ambiguous Designation of Wife's Share. A
1 devise to a wife by a testator without issue, of *"that part of my estate which the laws of Iowa provide for a wife's equity,"* will, in case of any doubt, be construed as conveying to the wife the portion which would, under the same circumstances, pass to her in case there were no will, to wit: $7,500 (after debts and costs are paid) and one half of the remaining estate. (Sec. 3379, Code Supp., 1913.)

**WILLS:** Construction—Custody of Corpus of Life Estate. A devise
2 which, after devising certain property to the wife in her own right, also gives to her "the income of the balance of the estate for as long as she lives, or until such time as she may again marry," does not *per se* grant her the custody, control, and management of the corpus of the life estate.

*Appeal from Story District Court.*—R. M. WRIGHT, Judge.

APRIL 5, 1921.

ACTION in equity to construe the last will and testament of S. J. Marvick, deceased; and on the ruling in favor of plaintiff in two particulars, defendants appeal.—*Modified and affirmed.*

*Bert B. Welty,* for appellants.

*O. J. Henderson,* for appellee.

DE GRAFF, J.—Plaintiff is the surviving widow of the testator, S. J. Marvick. Defendants are his minor nieces and nephews, for whom Bert B. Welty was appointed guardian ad litem.

The instrument admitted to probate as the last will and testament of S. J. Marvick, deceased, read as follows:

"To whom it may concern: I, S. J. Marvick, being of sound mind do hereby at my death bequeath and give of my worldly possessions to my beloved wife, Cosette Henderson Marvick:

"1st. That part of my estate which the laws of Iowa provide for a wife's equity.

"2nd. Five thousand ($5,000.00) dollars to be divided at my death as follows: [Here follow nine specific charitable bequests.]

"3rd. It is further provided that my wife, Cosette Henderson Marvick, shall have the income (after all the expenses of upkeep and administration fees have been taken out) of the balance of the estate for as long as she lives, or until such time as she may again marry, then said balance of estate shall be equally divided among my beloved nieces and nephews.

"4th. I hereby appoint John Donhowe, Story City, Iowa, executor of this will."

The two propositions submitted to this court on this appeal are: (1) What did the widow take, under the language of the will that she should have "that part of my estate which the laws of Iowa provide for a wife's equity?" (2) Is the plaintiff, under the terms of the will, entitled, as a life tenant, to the custody and control of the residuary portion of the estate, or is she entitled only to the income of the residuary estate, after the administration fees are paid and the expenses of upkeep deducted, during her life or until her remarriage?

I. It is frequently said in the law of wills that, in determining the intention of a testator, the will is to be taken by its four corners, and construed in the light of the circumstances surrounding its execution. The court must put itself as nearly as possible in the position of the testator, and ascertain, if possible, his viewpoint, at the time and under the conditions when he attached his signature to the will.

1. WILLS: construction: ambiguous designation of wife's share.

Under the facts of this case, we find two cultured and refined young people, married shortly before the execution of the will. Both had a high sense of the reciprocal obligations due each from the other. The husband unexpectedly became the possessor of a considerable estate, by the sudden death of his father. The husband knew that, due to his own malady, of several years' duration, his days on earth were numbered, and he was fully conscious of the inexorable end. We may imagine that the young husband, with these thoughts in mind, said to himself:

"Both of my parents are dead. I will leave no issue. My five sisters are in very comfortable circumstances. I have certain minor nephews and nieces, who are not dependent upon me or my estate. I have been well treated and shown every favor by certain charitable institutions during my sickness and in my search for the restoration of health. I have a young wife who, for my service, sacrificed the opportunity open to a college graduate, and remembered her girlhood pledge of betrothal to me. It is my desire to insure her future, as far as my estate makes it possible."

He was unacquainted with the technical statutory provisions (which he was presumed to know) governing a case like his own, but he did know that the laws of Iowa made some provision for a surviving spouse, and, with this uncertain information, and being a long distance from home and away from his legal and other confidential advisers, he said, in this holographic will:

"I give of my worldly possessions to my beloved wife that part of my estate which the laws of Iowa provide for a wife's equity."

What do the laws of Iowa provide under such circumstances?

Section 3366 of the Code gives to the surviving widow, as her distributive share, one third in value in fee of all the legal and equitable estates of which the husband died seized; and, in the event that the husband leaves no issue, Section 3379 of the Supplement to the Code, 1913, gives to the widow $7,500, after the payment of the debts and expenses of administration, and one half of all the estate in excess of said amount.

The law favors such a construction of a will as most nearly conforms to the statutory rule of descent and distribution. Applying this presumption in the instant case, if there is any doubt or uncertainty as to what portion of the testator's estate he intended to give his wife, we must resolve that doubt in her favor, and give her all to which she would have been entitled, had the husband died intestate. See *Ellsworth College v. Carleton*, 178 Iowa 845.

In the case of *Murdoch v. Bilderback*, 125 Mich. 45 (83 N. W. 1007), the testator provided, *inter alia*, in his will:

"(3)   I give and bequeath unto my wife, Ellen Tice, all the statute of the state of Michigan allows a widow."

The statute gave to the widow one half of the deceased husband's estate, if he died without issue. Other beneficiaries contended that, under this will, the widow took only a third, or her ordinary dower right. In the opinion it is said:

"The statute as clearly gives the widow, where there is no issue, one half of the real estate, as it gives her any other part of the estate. Twice the testator bequeaths to the widow all that the statute allows her. The language is comprehensive, and includes all the statutory provisions for her benefit. It clearly makes the other specific bequests subject to her rights."

The ruling of the trial court in construing the instant will in this particular is correct.

II.   The only other question submitted for review relates to the language of the will which gives to the widow "the income (after all the expenses of upkeep and administration fees have

2. WILLS: construction: custody of corpus of life estate.

been taken out) of the balance of the estate for as long as she lives, or until such time as she may again marry."

The trial court, in the decree, construed this language to give to the widow the "custody and control of the balance of

said estate (after the payment of the special bequests) for and during her natural life, or until her remarriage.''

The estate of the testator was of mixed character, consisting of corporate stocks and securities, moneys, and an undivided sixth interest in large tracts of land in this and in other states. The intent of the testator is clear that the widow should have the income of the balance of his estate, after giving to her absolutely that portion to which she is entitled under the laws of Iowa, and after the payment of the special charitable bequests provided for in said will. It is further contemplated that the expenses of upkeep during the existence of the life estate shall be deducted, and that the net income shall be hers, and that the *corpus*, upon the termination of the life estate, shall be equally divided among the remaindermen. The language of the will does not intend that the widow shall have possession, control, or custody of the estate, but she is entitled to be paid the income therefrom. At the close of the year of administration and the discharge of the executor, in the event that the court does not deem it advisable to hold open the estate beyond that period for any purpose, and assuming that the executor of this estate has received from the estate of the decedent's father his share of that estate, it would be obligatory for the probate court to name the executor, or some other suitable person, as trustee of the life estate, to control and manage same, and pay over to the beneficiary the annual net income from said estate during her life, or *durante viduitate*. As bearing upon this construction, see *Brannock v. Stocker*, 76 Ind. 558; *Lewis v. Shattuck*, 173 Mass. 486; *Jones' Executors v. Stites*, 19 N. J. Eq. 324.

We are not holding that the life tenant may not be appointed by the court as trustee in said estate, but we do hold that, until the executor of the estate files his inventory, pays the debts and special bequests, and the court approves his final report, it is unnecessary that any person should be appointed as trustee of the life estate; and, further, that the custody, control, and management of the life estate are not in the beneficiary, under the terms of the will, *per se*. The estate must first be fixed and determined, and then it rests in the sound discretion of the court to continue the executor as trustee, or to appoint some other suitable person, not excluding the life tenant, if the court

feels that she is a suitable person to act as trustee, under· such bond or security as may be deemed necessary and proper in the premises.   The decree entered is—*Affirmed in part and reversed in part.*

·   Evans, C. J., Weaver and Preston, JJ., concur.