SPRINGFIELD SAFE DEPOSIT AND TRUST COMPANY, executor, *vs.*
ELEANORA ROGERS & others.

Hampshire.   September 21, 1922. — October 10, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Devise and Legacy.   Widow.*

The first clause of a will of one who died in January, 1920, read as follows: "To
my wife I devise, bequeath and give such portion of my estate as she is entitled
to under the laws of the Commonwealth of Massachusetts, for her own use
absolutely." There followed eleven specific bequests in the aggregate amount
of $35,000. The thirteenth clause was as follows: "In the event of my wife
becoming deceased before this Will becomes operative I instruct and provide
that the above-named persons and institution who are legatees and benefi-
ciaries hereunder shall each be given double the amount of the legacy herein
given to them. My intention being that in case my said wife becomes deceased
before me my whole estate shall be divided between the persons and institutions
herein-named in the way and manner herein specified." The testator left a wife
but no issue. The value of his estate was $96,907, of which $8,850 was real
estate. *Held,* that
   (1) The meaning of the first clause was to be determined by ascertaining
the testator's intention from a reading of the whole will;
   (2) The testator intended to give the widow, if she survived him, an outright
and not a qualified interest in his estate;
   (3) The testator did not intend to give the widow what she would receive if
she should waive the provisions of the will;
   (4) The widow by the first clause was entitled to $5,000 and one half of the
remaining real property and one half of the remaining personal property.

BILL IN EQUITY, filed in the Probate Court for the county of
Hampden on March 24, 1921, by the executor of the will of Charles
Rogers, late of Springfield, who died on January 31, 1920, for
instructions.

The suit was heard in the Probate Court by *Long,* J. Material
allegations of the bill and facts found by the judge are described
in the opinion. By order of the judge, a decree was entered "That
the share of the estate of the said Charles Rogers to which the said
Eleanora Rogers is entitled is the share which she would have
taken had the said Charles Rogers died intestate, to wit: $5,000
and one-half of the remaining real property and one-half of the
remaining personal property; to be hers absolutely, free of all

trust;" and counsel fees to counsel for the defendants were awarded. Home for Friendless Women and Children and the Springfield Day Nursery Corporation appealed.

The case was submitted on briefs.

*H. P. Small,* for the defendants, Home for Friendless Women and Children and Springfield Day Nursery Corporation.

*E. H. Brewster, T. W. Ellis & J. H. Mitchell,* for the defendant Rogers.

BRALEY, J. The first clause of the will uses this language, "To my wife I devise, bequeath and give such portion of my estate as she is entitled to under the laws of the Commonwealth of Massachusetts, for her own use absolutely." It is contended by the defendants, Home for Friendless Women and Children and the Springfield Day Nursery Corporation, that the testator's widow takes only the same amount of property which she would have received if she had waived the provisions of the will. By our laws in force at the date of the will as well as at the testator's death, which he must be assumed to have known, the widow of a deceased intestate leaving no issue is entitled to $5,000, and to one half the remaining real and personal property after the payment of debts and the expenses of administration. R. L. c. 140. If however the decedent dies testate, and the widow waives the provisions of the will in her favor, she gets such portion of the estate as would have come to her if the deceased had died intestate, except, that if she would thus take real and personal property to an amount exceeding "ten thousand dollars in value," she shall receive in addition to that amount only the income during her life of the excess of her share of such estate above that amount, the personal property to be held in trust, and the real estate vested in her for life from the death of the deceased. R. L. c. 135, § 16.

The testator's intention controls, and the whole will may be read to ascertain the meaning of the first clause. *Dana v. Dana,* 185 Mass. 156. The estate had a total value of $96,907.92 of which $8,850 consisted of real, and $88,057.92 of personal property. The testator left no issue and the eleven bequests amounting to $35,000, which follow the first bequest, are specific, and then comes the thirteenth clause, "In the event of my wife becoming deceased before this Will becomes operative I instruct and provide that the above-named persons and institution who are legatees and bene-

ficiaries hereunder shall each be given double the amount of the legacy herein given to them. My intention being that in case my said wife becomes deceased before me my whole estate shall be divided between the persons and institutions herein-named in the way and manner herein specified."

The testator intended to dispose of all his property, and the provision that if his wife predeceased him the legacies should be doubled, instead of the amount falling into the fourteenth or residuary clause, indicates that he intended that, if she survived, she should take an outright, and not a qualified interest in his estate. The words are to be given their usual and ordinary meaning. *Hooper* v. *Hooper,* 9 Cush. 122, 129. The testator gives by his will that which he desires to bestow in the exercise of the power of testamentary disposition. He does not say, "To my wife I devise, bequeath and give whatever she would receive if she waived the provisions of my will," the amount of which and accompanying conditions has already been pointed out, but the devise, gift and bequest, is, "for her own use absolutely," and if she predeceases him, then what had been given to her goes to the specific legatees, until their shares are doubled. *Goddard* v. *Whitney,* 140 Mass. 92, 98.

The decree of the court of probate that the share to which the widow Eleanora Rogers is entitled, is the share she would have received if her husband had died intestate, namely, "$5,000 and one half of the remaining real property and one half of the remaining personal property; to be hers absolutely free of all trust," must be affirmed with costs taxed on the fund as shown by the decree, to which may be added such further costs of the appeal as the judge of probate in his discretion may determine.

*Ordered accordingly.*