In re Estate of James Fay.

Katherine Fay, Appellant, v. Thomas F. Kent, Executor, et al., Appellees.

**WILLS:** Construction—Bequest Subject to Dower. A bequest to a
1   wife of "one dollar * * * subject to her rights and dower interest
allowed her by statute" carries one dollar and no more,—does not
have the effect of bequeathing the same amount that the wife would
take, had the husband died intestate and issueless.

**WILLS:** Construction—Evidence to Aid Construction. The court may,
2   in construing a will, receive testimony of the circumstances attending the testator when the will was executed.

*Appeal from Pottawattamie District Court.*—G. W. Cullison, Judge.

December 11, 1923.

ACTION to construe a will. The trial court entered decree construing the same. The plaintiff has appealed.—*Affirmed.*

*F. A. Turner* and *F. E. Carberry,* for appellant.

*Preston & Dillinger* and *Crofoot, Fraser, Connolly & Stryker,* for appellees.

EVANS, J.—The particular clause presented for construction was as follows:

"I give, devise and bequeath the sum of one dollar to my beloved wife, Katherine Fay, subject to her rights and dower interest allowed her by statute."

The trial court construed the same as bequeathing to the beneficiary wife the sum of one dollar, and no more. It is the contention of appellant that the same should be construed as

1. WILLS: construction: bequest subject to dower.

bequeathing to the beneficiary such share of the estate as would be awarded to the widow under the statute, if the testator had died intestate: that is to say, that its effect was to bequeath to her $7,500 and one half of the remainder of the estate, under the provisions of the 1913 Code Supplement, Section 3379. We think that the trial court properly construed the bequest, on its face and without regard to surrounding circumstances. If argument were needed in support of this conclusion, it could be sufficiently predicated upon a comparison of the language contained in Code Section 3270 with the language of this bequest here under consideration. Such section provides:

"Any person of full age and sound mind may dispose by will of all his property, *subject to * * * the distributive share in his estate given by law* to the surviving spouse," etc.

The effect of the foregoing is to say that every devise in a will is subject to the distributive share of the surviving spouse. That is precisely what the devise in question purports to do. This devise recognizes that the statutory dower interest of the wife is beyond the control of the testator, and so recognizes it in substantially the terms of the statute. The will does not purport to devise to the surviving spouse this statutory share, or to devise a sum equal to such statutory share.

Appellant complains because the defendant pleaded and proved certain facts and certain circumstances existing at the time of the making of the will. The circumstances thus set forth comprised both the present and the past. They were, in substance, that the testator up to 1915 was a bachelor, and was then advanced in years. In that year, he visited New York, and married the plaintiff, a comparatively young woman. He had lived virtually all his life in Pottawattamie County, and had accumulated some property. After his marriage, friction arose over the property. He conveyed a part of it to the plaintiff. They separated in less than one year, the decedent testator returning to Iowa, and the plaintiff wife remaining in New York. From that time to the day of his death, they lived *apart* and litigated *together* over his property. The litigation was pending in both states, and constituted the sole result of their marriage. The will was executed on January 6, 1921. It disposed of the body of the estate in equal shares to certain nephews and nieces. Either on the same day or on the next preceding day, the testator had drawn a previous will, which was identical in its terms with the present one, except that no mention was made therein of the wife, and no provision was made for her. Immediately thereafter, the scrivener conceived the idea that he had made a mistake in omitting all mention of the wife, and that such omission would render the will invalid. He immediately so advised the testator, and proposed to write another will which should cure such supposed defect. Thereupon, the present will was executed. The *"beloved* wife" was the conception of the scrivener, either as a legal necessity or a requirement of his "form book." The circumstances fully indicated that the testator would not have described his wife as "beloved," except under the supposition that he was under legal compulsion to do so in order to deprive her of any share of his estate beyond "dower interest" or distributive share.

The appellant challenges the right of the trial court to receive or to consider any of the circumstances here mentioned. In so far as these facts constituted the circumstances surrounding the testator at the time he executed the will, 2. WILLS: construction: evidence to aid construction. it was proper to receive them. It was proper that the will should be read in the light thereof.

This is not saying that they should control or override any provision of the will, or give to the terms of the will any other meaning than that fairly imported. Whether some circumstances complained of may have been irrelevant, and for that reason inadmissible, we have no occasion to consider. They worked no prejudice to the appellant. Without the light of these circumstances, the will could not be fairly construed other than as it was.

The case of *Marvick v. Donhowe*, 191 Iowa 214, relied on by the appellant is not in point. In that case the testator expressly bequeathed to the wife a certain part of his estate, and made the provisions of the statute the measure of such part

Under the construction adopted by the trial court, the plaintiff, as widow, may elect to take her one-third distributive share, under the statute, and no more. Her claim for $7,500 and for one half of the remainder, as provided by Section 3379, Code Supplement, 1913, cannot be sustained. Such section relates only to the property of an intestate. It is not effective as against the will of the testator. The decree entered below is, accordingly, affirmed.—*Affirmed.*

STEVENS, ARTHUR, and FAVILLE, JJ., concur.