## IN RE ESTATE OF JOHN E. MARTIN.[1]

February 26, 1926.

No. 25,112.

**Testator's gift to wife limited by specific legacies in will.**

    1. A gift to the wife of the testator of all property which she could take under the statutes of descent and distribution, which standing alone (there being no children) would operate as a gift of the entire estate to the wife, *held* to be limited, by the presence in the will of specific legacies and a gift of the residue to others, to that portion of the estate which the wife could take under the statutes as against any adverse testamentary disposition by the husband.

**Costs denied because of improper matter inserted in brief.**

    2. Costs denied respondents because of the inclusion in their brief of improper matter.

    Costs, 15 C. J. p. 242 n. 19 New.
    Wills, 40 Cyc. pp. 1414 n. 26; 1415 n. 29.

[1]Reported in 207 N. W. 618.

The district court for Dakota county, Schultz, J., on appeal from a decree of the probate court of that county in the matter of the estate of John E. Martin, deceased, made findings of fact and conclusions of law directing the entry of a decree vesting the homestead of the decedent, and one-third of his other property, in Margaret Martin, his widow. She appealed, claiming that under the will of the decedent she was entitled to the whole of the estate. Affirmed.

*Eugene Bryan* and *C. C. McElwee*, for appellant.

*W. H. & H. W. Gillit* and *Briggs, Weyl & Briggs*, for respondents.

STONE, J.

Margaret Martin, widow of John E. Martin, appeals from the order denying her alternative motion for amended findings of fact or a new trial after the district court (affirming the order of the probate court of Dakota county) had resolved against her a question concerning the construction of the will of her late husband. She has elected to take under the will.

The first item of the will was the usual one for the payment of debts. Item two was as follows:

"I hereby give, grant, devise and bequeath unto my beloved wife Margaret Martin, my homestead in the Village of Lakeville, Dakota County, Minnesota, together with all other property real and personal to which she would be entitled under the present statutes of the State of Minnesota governing the descent and distribution of the estate of deceased intestates, TO HAVE AND TO HOLD the same unto her and her heirs and assigns, FOREVER."

Item 3 made legacies of $1,000 each to the three sisters of the testator, with the provision that the legacy of any sister or sisters "dying prior to my death, shall be and become a part of the residue of my estate hereinafter mentioned, and disposed of as hereinafter provided." Item 4 gave "all the rest, residue and remainder" of the estate to a brother, Michael J. Martin. Item 5 provided for the erection of a monument and item 6 appointed an executor.

Our statutes of descent and distribution, sections 8719, 8720 and 8726, G. S. 1923, after making certain allowances of personalty to the widow, provide that she shall take "free from any testamentary or other disposition thereof" to which she shall not have consented in writing, the homestead, one-third of the other real estate and one-third of the personal property of the deceased. If there are no children and no will, the surviving spouse takes the entire estate. The necessary effect of those statutes in the instant case is that item two of the Martin will, if it stood alone and uncontrolled by other considerations, would amount to a gift of the entire estate to the widow, for there were no children born of her marriage to the testator. The argument in opposition is that the will, construed as a whole, indicates clearly an intention to give the wife the homestead and only that portion of the other property which she would take under the laws of descent and distribution as against any adverse testamentary disposition to which she had not consented in writing.

It is of course true that if specific property is once given absolutely, a subsequent provision of the same will attempting to dispose of it otherwise is void. "It is equally settled that where there are inconsistent or repugnant provisions, the first provision is held to express the intent of the testator, and the inconsistent or repugnant provisions are void." Bradford v. Martin, 199 Iowa 250, 201 N. W. 574, and cases cited. But it is first necessary to determine the character of the first gift and whether subsequent provisions are in fact repugnant. If a given provision is ambiguous, resort must be had to all permissible aids to construction, first among them being the rest of the instrument. In ascertaining whether a single section is ambiguous, the law is not so narrow as always to confine itself to that section. The ambiguity may not appear until the whole instrument is considered or possibly not until the attempt is made to apply it to its subject matter. In either case it must be solved with a view to ascertaining what intention has been expressed.

So here, decision cannot be arrived at by considering alone item 2 of Mr. Martin's will. But if we stop there, the query naturally

suggests itself, if he intended to give his entire estate to his wife, why did he not say so in simple and direct language? Why did he make any special mention of the homestead and why any reference at all to statutory limitations?

The moment we go to other portions of the will we find at once and in terms too plain to admit of argument an expression of the intention that Mrs. Martin was not to take all of the estate. First, each of the three sisters was given $1,000. Then a residue, *not* to go to the widow, is plainly contemplated and provided for in the direct and absolute gift of the same to the brother, Michael.

The argument for appellant then comes to the simple assertion that we must not only disregard but read out of it about half of the will, the gifts to the sisters and brother. In no other way is it possible to make item 2 a gift of all the estate to the wife. To allow that argument and its necessary conclusion, would be an unthinkable judicial mutilation of the will. Moreover, it would disregard the rule, as sensible as it is well established, that a will is to be read as a whole and the testator's "intention is to be gathered from everything contained within the four corners of the instrument." Yates v. Shern, 84 Minn. 161, 165, 86 N. W. 1004, Johrden v. Pond, 126 Minn. 247, 148 N. W. 112; In re Will of Bell, 147 Minn. 62, 179 N. W. 650; Bradford v. Martin, supra. It follows that the order appealed from must be affirmed.

We are required to note a feature of respondents' brief. At the trial there was offered in evidence the will of Michael Martin, who has departed this life since the death of his brother, John. That will recites an "agreement" between the brothers having something to do with the final disposition of their properties. The single issue being as to the construction of the will of John Martin, the will of his brother Michael was properly rejected. Notwithstanding its rejection, counsel for respondents see fit to quote from it the paragraph concerning the supposed agreement between the brothers. The obvious purpose was to influence this court by evidence which was rejected below. Because of the inclusion in the brief for respondents of the improper matter in question, they will be denied statutory costs.

So ordered.