**SCHARDT,** Admr., **Plaintiff-Appellee, v. PREXLER** et al., **Defendants-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6596. Decided January 14, 1946.

120

Perry C. Brestel, Cincinnati, for plaintiff-appellee.

Thomas H. Creighton, Jr., Alien Property Custodian and Leonard C. Gartner, for defendants-appellants.

## OPINION

By MATTHEWS, J.

By this action, originally instituted in the Probate Court of Hamilton county, the plaintiff as administrator, c. t. a., seeks to have the will of Julia Schardt construed to determine what share of the estate would be received by William Schardt, the surviving husband, in the event of his election to take under the will. The dispositive provisions of the will and the only ones shedding any light upon the intention of the testatrix are as follows:

"Second—I give, devise and bequeath to my husband William Schardt the amount that he is allowed under the laws of Ohio in my estate. I leave him no more than this amount because of his indifferent and careless treatment of me.

"Third—All the rest and residue of my estate, I will, de-

vise, and bequeath unto my two sisters and nieces as follows:

"1 To my sister Bertha Prexler one (1-3rd) third of my estate.

2 To my sister Clara Schurer one (1-3rd) third of my estate.

3 To my nieces Julia Prexler and Marich Prexler, daughters of Bertha Prexler, one sixth of my estate. The above named beneficiaries in items 1-2-3 reside in Lauzbei Falkenau a-d Eger Cechoslovaka.

"Fourth—It is my will that in the event that one of my sisters or nieces herein named pre-decease me, the portion of such decedent devised under this will is to pass to the devisees and beneficiaries named in items 1-2-3 of this will share and share alike.

"Fifth—In order to make the above division of my estate, I hereby direct and authorize the executrix of this will to sell all of the real estate or interest therein as soon after my death as possible. Said Executrix is hereby authorized to make said sales without authority or order of Court. The same may be public. or private. Said Executrix to make a deed to the purchasers thereof, and the purchasers need not look to the application of the purchase money derived from said sale.

"Sixth—I own real estate on Grace Ave., North College Hill, in which my husband has a one-half interest. I have advanced one-half of the purchase price and I own real estate on Betts Ave. North College Hill. This latter real estate I own in fee simple and I have paid the same in full with my own money.

"Seventh—I nominate and appoint Ida Kessler Executrix of this will and direct that she retain the services of Lawrence J. Smith as her attorney for the purpose of carrying out the provisions of this will and I further direct that my Executrix purchase a suitable headstone to be placed at my grave to cost not less than one hundred ($100.00) dollars."

The testatrix left no parent, child or lineal descendant. The property of the estate was not acquired from any deceased spouse.

The Probate Court held that under the terms of the will William Schardt as surviving husband would take the entire estate, as provided in **paragraph 4 of §10503-4, GC**. From this holding, the other beneficiaries, all of whom are alien enemies, through the Alien Property Custodian, have appealed to this Court.

The fundamental rule in the construction of wills is that the intention of the testator, as expressed, must be given ef-

fect. It is only when the intention cannot be otherwise ascertained from the language used that recourse to technical rules of construction should be had.

Now what was the attitude of the testatrix toward her husband? He was one of the natural objects of her bounty and, to her knowledge, was given by the law, a share of her estate, which was beyond her power to defeat. The terms of her will show that she in fact considered her relation to her husband and his actual claim upon her in making the disposition of her property.

What did she say about his claim upon her bounty? She expressly states that his treatment of her had been indifferent and careless and that that treatment was the reason for the provision in his behalf.

Now what was the provision? She said: "I give and bequeath to my husband William Schardt the amount that he is allowed under the laws of Ohio in my estate."

Keeping in mind the expressed reason for the provision, we think the testatrix has clearly indicated that her husband had forfeited all claims upon her bounty and that, therefore, his share should be limited to that "allowed under the laws of Ohio." She expressly stated that she left "him no more than this amount." Now did she mean that he should have the maximum amount allowed by the law under circumstances most favorable to him, or did she mean that amount given to him by the law after she had exercised her power to exclude him from any portion of her bounty. We think the will expresses this latter intent. She knew that if she died intestate, he would take the entire estate. The only substantial reason for making a will at all was to give to others a part of that which he would take in the absence of a will. The will clearly expresses that intent. What he was to receive was to flow from the law and not by reason of her bounty in any degree. To give him more could result only from the forbearance of the wife to make a will, and not solely by allowance of law. It, therefore, remains only to examine the statutes to determine the share under the law of which the husband cannot be deprived.

The Probate Court held that by applying the terms of law, §10503-4, GC, the husband took the entire estate. If that section is applicable, that result would follow. Manifestly that was not the intention of the testatrix. We think that section is inapplicable. All that section does is to provide the order of descent and distribution among those bearing relation by affinity or consanguinity to the decedent, and this order of distribution was to apply only when no other provi-

sion was made by law and only "When a person dies intestate" owning the property to be distributed. To apply the section to the situation before the court would require us to disregard the existence of the will which the plaintiff asks us to construe. If the will is given its full effect the laws of intestacy (i. e., §10503-4, GC) cannot apply, because the will has provided the order of descent and distribution. The laws of intestacy "allowed" the husband nothing in opposition to the order of distribution provided in the owner's will. A will existing and the husband electing to take under it, can take nothing contrary to the will, except such as is beyond the power of the owner to deprive him.

Examining the law to discover provisions for the surviving husband of which he cannot be deprived by the wife's will, we find that §10509-54, GC provides that in all cases regardless of whether there is a will, there is an exemption of twenty (20%) per cent of the estate, not exceding $2500.00, to which the surviving husband shall be entitled, and that this amount shall not be deemed assets of the estate. And by §10509-79, GC, the surviving spouse is given the right in all cases to remain in the mansion house for one year free of charge.

The case of **Foster v Clifford, 87 Oh St 294,** presented for construction a will having a striking likeness to the provisions of this will with, however, one marked difference. In that case the testator gave to his wife "all that part and interest in my estate—, which is secured to her as my widow, by the laws of distribution of estates—in cases where wives survive husbands **who die intestate."** It will be noted that the testator in that case expressly provided that in determining the widow's part, he should be regarded as having died intestate. But he had given by another provision in the will all the remainder of his property to his brother.

Under the law at that time the widow in case of intestacy would have inherited the whole estate. Notwithstanding this the Court held that under this will she took her dower in the real estate, one half of the first $400.00 and one-third of the remainder of the personal property, and the use of the mansion house, and the brother took the residue. We quote as applicable here from pages 304 and 305, where the court said:

"It was evidently the intention of the testator, in the case at bar, and clearly so we think, that the widow was to have but a part, or interest, in the estate, real and personal. This is evidenced by the use of these words in Item two, and the bequest and devise to James E. Foster of the **remainder** of the

property, real and personal, in Item three, gives additional force to this position. The brother is to receive a portion of the personal property, and, if the construction claimed by the widow is tenable, Item three of the will, as to personal property, would be wholly ineffective.

"The part the widow was to receive is the part secured to her by the laws of distribution of the state of Ohio. Can it be urged, with any force, that the whole estate of a husband is secured to his widow by the laws of the state, even if there are no children, in the sense that the word is ordinarily and generally used? We cannot subscribe to the meaning given the word 'secured' by the circuit court, when it held that the testator meant that the widow was devised and bequeathed that which she would 'obtain' or 'have' as his widow. The laws of this state will protect a widow to the extent of her dower interest in the realty and to a one-third (approximately) interest in the personal estate, in the occupancy of the mansion house, under §8607 GC and her year's allowance, under §10656 GC. The husband is free to dispose of the remainder as he sees fit, and the protection afforded her by the law cannot affect such a disposition made by the husband. As has been said in this case, the widow is the prospective heir at law of all the estate in the event there are no children, but it cannot be said that she is secured in this, for the reason that two-thirds (approximately) of the estate can be taken from her, by the husband, by will."

Counsel for appellee relies on **Goodfellow v Wilson, 32 Abs 569.** We find nothing that was said or decided in that case that is applicable here. In that case a legacy lapsed and became intestate property. The widow elected to take under the law. The question presented was whether §10504-55, GC, limited her to one-half of the estate passing by will or one-half of the whole estate. The Court held that she took one-half of the testate property under §10504-56, GC, and all of the intestate property under §10503-4 (4), GC.

In the case at bar the will disposes of the entire estate and there is no suggestion that any part became intestate because of changed conditions during the testatrix's lifetime. It is true that some of the beneficiaries are alien enemies, but that fact does not prevent them from taking by will. See, Annotation in 137 A. L. R., 1328.

For these reasons, we hold that upon election of the husband to take under this will his share of the estate will be twenty (20%) per cent. not exceeding $2500.00, and the right to reside in the mansion house free of charge for one year,

but that should he elect to take under the statutes of descent and distribution, he would also take one-half of the estate, as provided in §10504-55, GC. **Davidson v Trust Co., 129 Oh St 418.**

The judgment of the Probate Court is reversed. A judgment may be entered in this Court in accordance with this opinion, and the cause remanded for further proceedings in accordance therewith.

HILDEBRANT, P. J., MATTHEWS and ROSS, J. J., concur in syllabus, opinion & judgment.