In re Estate of H. R. Miller.

No. 48106.

(Reported in 54 N.W.2d 433)

JULY 28, 1952.

Simpson & Louden, of Fairfield, for appellant.

Richard C. Leggett, of Fairfield, for Glen A. Sherman, administrator c. t. a., and Edward Miller, appellees.

Eugene McCoid, of Mount Pleasant, and Leo D. Thoma, of Fairfield, for Wilma Cassabaum, guardian of Theodore Cassabaum, incompetent, appellee.

OLIVER, J.—Testator's will, executed in November 1950, provides:

"First: I give, devise and bequeath unto my wife, Margaret Miller, if she is my wife at the date of my decease, such portion of my property as she is allowed by the laws of the State of Iowa, and no more."

The will provides, in substance, also:

Second: In the event any person or persons shall establish himself or herself as testator's child, legitimate or illegitimate, to such person or persons the sum of $1.00 each and no more, to be the full share of such child or children in all of testator's property.

Third: The rest and remainder to Theodore Cassabaum, trustee, to use so much of the principal and interest as is necessary for the care and support of testator's father; upon death of the father, the remainder to Theodore Cassabaum, absolutely.

Fourth: Nominates Theodore Cassabaum executor.

Testator died early in 1951. The parties agree he died without living issue.

Chapter 636, Code of Iowa 1950, is entitled "Descent and Distribution of Intestate's Property." Code section 636.32 provides in part: "If the intestate leaves no issue, the whole of the estate to the amount of fifteen thousand dollars * * * and one-half of all the estate in excess of said fifteen thousand dollars shall go to the surviving spouse * * *."

Code section 636.5, entitled "Dower" provides one third in value of the husband's real estate shall go to the surviving wife. Section 636.7 refers to this one third as the distributive share of the survivor. Section 636.1 provides the personal property shall be distributed to the same persons and in the same proportion as the real estate. Section 636.21 provides the survivor's (one-third) share cannot be affected by any will of the spouse unless consent thereto is given.

The widow contends the will gives her the same share as though testator had died intestate and that she is entitled to take under section 636.32, which would give her the first $15,000 and one half the excess. The resisters are the administrator with will annexed, testator's father and the guardian of Theodore Cassabaum, incompetent. They assert the will limits the widow to her dower or distributive share of one third of the estate. The cause

was tried in equity. The trial court adjudged the will limited the widow's rights to the one third. She has appealed.

I. The purpose of construing a will is to ascertain the intent of the testator. Such intent is to be gathered from the will as a whole, reading each provision in the light of every other provision and giving effect to each, if possible. In re Estate of Coleman, 242 Iowa 1096, 49 N.W.2d 517, and citations.

In the case at bar the paragraphs of the will numbered second, third and fourth appear to have little bearing upon each other or upon the first paragraph, which is here directly in question. Although the second paragraph, which provides nominal bequests to persons establishing themselves as testator's legitimate or illegitimate children, may tend to indicate some care in the preparation of the will, it has no substantial effect on other provisions. With reference to the third paragraph, it is not contended the construction of the will sought by the widow could result in her securing all or substantially all of the estate and thus, in effect, nullifying the provisions for others. (The preliminary inheritance tax report shows a net estate of about $52,000.) The fourth paragraph merely nominates an executor. Hence, detailed consideration of paragraphs second, third and fourth is not required.

II. The law favors that construction of a will which most nearly conforms to the statutory rule of descent and distribution. Marvick v. Donhowe, 191 Iowa 214, 182 N.W. 182; In re Estate of Gisler, 242 Iowa 933, 940, 48 N.W.2d 866, 870; In re Estate of Finch, 239 Iowa 1069, 1088, 32 N.W.2d 819, 3 A. L. R.2d 1403; Fletcher v. Fletcher, 200 Iowa 135, 137, 204 N.W. 410; 69 C. J., Wills, section 1306, page 284.

III. Tennant v. Smith, 173 Iowa 264, 155 N.W. 267, involved a will which left the husband " 'such share of my estate as he is entitled to have and receive under the laws of the state of Iowa.' " He predeceased testatrix. The court held his heirs were not entitled to the devise under the antilapse statute because testatrix' will gave him exactly what the law would have given him and he would have taken under the law had he survived testatrix.

In Marvick v. Donhowe, 191 Iowa 214, 216, 217, 182 N.W. 182, 183, the will gave the wife " 'that part of my estate which

the laws of Iowa provide for a wife's equity.' " The court cited with approval Murdoch v. Bilderback, 125 Mich. 45, 83 N.W. 1007, in which the language devising her " 'all the statute of the state of Michigan allows a widow' " was held to be comprehensive and to give her the one half allowed by statute instead of her dower right of one third. In the Marvick case this court stated:

"The law favors such a construction of a will as most nearly conforms to the statutory rule of descent and distribution. Applying this presumption in the instant case, if there is any doubt or uncertainty as to what portion of the testator's estate he intended to give his wife, we must resolve that doubt in her favor, and give her all to which she would have been entitled, had the husband died intestate."

Resisters cite In re Estate of Fay, infra; In re Estate of Finch and In re Estate of Coleman, both supra. In re Estate of Fay, 196 Iowa 1099, 1100, 1102, 196 N.W. 42, 43, involved a bequest to a wife of one dollar " "* * * subject to her rights and dower interest allowed her by statute.' " The court stated the quoted language merely recognized, in substantially the terms of the statute (now section 633.1), that the wife's statutory dower interest was beyond testator's control, and that the language did not have the effect of devising this statutory share to her.

In re Estate of Finch, supra, 239 Iowa 1069, 1073, 1089, 1092, 32 N.W.2d 819, 821, 828, 830, 3 A. L. R.2d 1403, involved a devise to the husband of " 'his distributive share of my property as provided by the laws of Iowa.' " The court held the term distributive share referred to the one-third share passing to the surviving spouse under Code section 636.5. The decision quotes at length from Marvick v. Donhowe, supra, and states with reference thereto: "The phraseology of the devise was that of a layman and not in the language of the statute, yet his intention was clear. The judgment of the court was a logical and reasonable determination of that intent."

In re Estate of Coleman, supra, 242 Iowa 1096, 1098, 49 N.W.2d 517, 518, involved a will which provided: " 'I want my wife Cecil to have all her legal rights as to my property, which is ⅓ of my estate.' " That decision turned upon the language of the will defining her legal rights as one third of testator's

estate. Hence, Marvick v. Donhowe, supra, was held inapplicable.

The text in 69 C. J., Wills, section 1306, page 283, states: "* * * it is generally held that, where the will gives to the widow 'her lawful part', 'what the law allows her', or words of like purport, she is entitled thereunder to such part of the testator's estate as she would have received if he had died intestate * * *."

In support of this statement, Marvick v. Donhowe, supra, 191 Iowa 214, 182 N.W. 182, and cases from various other jurisdictions are cited. Reference will now be made to some of these cases and other decisions.

The will in Talbott's Ex'r. v. Goetz, 286 Ky. 504, 506, 508, 151 S.W.2d 369, 370, 371, stated testator's wife had been living away from him and " 'If I leave her surviving me and undivorced, she shall have and take what the Statutes of Kentucky give to her and no more' * * *." The decision states: "Since the will provides that the appellee shall take what the Statutes of Kentucky give to her and no more, her share of the estate must be determined by the laws of descent and distribution of the Commonwealth in the same manner as if the testator had died intestate." It quotes from Page on Wills, Vol. 2, section 937, page 1574:

"A gift to a surviving spouse of his 'lawful portion' or of 'whatever the law allows him,' or any similar form of gift, passes such interest as the surviving spouse would have taken if there had been no will."

In Springfield Safe Deposit & Trust Co. v. Rogers, 242 Mass. 550, 551, 552, 136 N.E. 612, 613, the will gave the widow: "* * * 'such portion of my estate as she is entitled to under the laws of the Commonwealth of Massachusetts.' " Under the statutes then in effect this widow was entitled to more if her husband died intestate than if he died testate and she waived the provisions of his will. Holding the widow was entitled to the share she would have received if her husband had died intestate, the court stated: "He [testator] does not say, 'To my wife I devise, bequeath and give whatever she would receive if she waived the provisions of my will'."

In Kelly v. Reynolds, 39 Mich. 464, 465, 467, 33 Am. Rep.

418, 420, the will provided: " 'To my wife the provision made for her by the statutes of this State I deem sufficient.' " The court stated: "If this were the only clause in the will, the widow unquestionably would take as in case of intestacy. The clear purpose would then be held to be that the widow should take the provision the statutes give her: the same provision; no more, but also no less. * * * the construction most favorable to the widow should be preferred."

Weller v. Searcy, 343 Mo. 768, 771, 123 S.W.2d 73, 75, 78, holds a will which devised to the wife " 'all that part of my estate to which she may be entitled under the law in force at the time of my death' " referred to such property and rights as would be her property under the law in the event of intestacy.

Bennett v. Bennett, 282 Ill. 266, 275, 118 N.E. 391, 394, states: "Where a will gives to the widow 'her lawful part', 'what the law allows her', or words of like purport, she is entitled thereunder to such part of the testator's estate as she would have received if he had died intestate."

The will in Barr v. Weaver, 132 Ala. 212, 217, 31 So. 488, 489, gave the wife " 'such part or portion of my estate as she may be entitled to under the laws of Alabama.' " The court said this language "is too plain to admit of any other interpretation or construction than that it was the testator's intention to give to his wife just such portion as she would be entitled to under the laws of this State in the absence of any will, no more and no less. This being true, we must look to the intestate statutes for the measure of the estate which Mrs. Weaver takes under the law."

Application of Williams (In re Gahan's Will), 276 App. Div. 647, 648, 97 N. Y. S.2d 232, 233, was an action for the construction of a will. Testator and his wife lived apart and each had sued for a separation. The will provided: " 'I give, devise and bequeath to my wife, Anna Gahan, should she survive me, that portion of my estate to which she is entitled under the laws of the State of New York.' "

The Supreme Court of New York affirmed a holding of the trial court that it was testator's intention to provide for his wife as in intestacy and not to require her to elect against the will under the Decedent Estate law.

It may be noted that where other provisions of the will would be nullified if the surviving spouse were allowed her intestate share of .the estate some decisions have construed such provisions of a will as not entitling the spouse to such share. In such cases the courts have said this harmonizes and gives effect to all provisions of the will and does not "read out of it" the gifts to others than the surviving spouse. See In re Will of Pfeiffer (Guerin v. Uphoff), 231 Wis. 117, 285 N.W. 432; In re Estate of Martin, 166 Minn. 269, 207 N.W. 618; Foster v. Clifford, 87 Ohio St. 294, 101 N.E. 269, Ann. Cas. 1915B 65; Schardt v. Prexler, Ohio App., Hamilton County, 67 N.E.2d 549. We have already stated there is no contention the construction sought by the widow in the case at bar would "read out" the provisions for others.

▇ The cited authorities announce the general rule that a gift to the surviving spouse of what the law allows her, or words of like import, entitles her to take as in intestacy. That is the rule in this state as enunciated by Marvick v. Donhowe, supra, 191 Iowa 214, 182 N.W. 182. In re Estate of Fay, supra, 196 Iowa 1099, 1102, 196 N.W. 42, 44, summarized the Marvick case as follows: "In that case the testator expressly bequeathed to the wife a certain part of his estate, and made the provisions of the statute the measure of such part." Although some decisions in other jurisdictions may not follow this rule there is no dissent from it in Iowa.

▇ The basic principle established by the cited decisions is that a provision of a will which gives the widow "what the law allows her" or words of like import, gives her that "certain part" of the estate measured by the statutes relating to the descent and distribution of intestate's property. Such a provision is clear and definite. Hence, it should not be nullified by other language of the will unless such other language clearly shows testator's contrary intent.

The decision of the trial court was based largely upon (1) what the court found was an implication of hostility and ill will toward the wife in the words, " 'if she is my wife at the date of my decease' " and (2) upon the words " 'and no more' " which the court found limited her share to the minimum. We do not agree the language in question should be interpreted as implying

hostility and ill will toward the wife. Such an interpretation would be merely speculative. Nor do we believe an implication of hostility and ill will toward the wife or any other mere implication from the language of the will would be sufficient to deprive the widow of the definite share of her husband's estate devised to her.

In Kelly v. Reynolds, supra, 39 Mich. 464, 465, 466, 33 Am. Rep. 418, 419, in which the will provided: " 'To my wife the provision made for her by the statutes of this State I deem sufficient' ", the court stated: "Had the husband's purpose been to cut down the wife's statutory provision, he ought to have said something like this: 'To my wife I think the statutes give more than she deserves and therefore my will is that' * * *."

In Application of Williams (In re Gahan's Will), supra, 276 App. Div. 647, 97 N. Y. S.2d 232, testator and his wife lived apart and each had sued for a separation.

In Talbott's Ex'r. v. Goetz, supra, 286 Ky. 504, 506, 151 S.W.2d 369, 370, the will stated the wife had been living away from testator and " 'If I leave her surviving me and undivorced, she shall have and take what the Statutes of Kentucky give to her and no more' * * *." Each of these wills was construed as giving the spouse her share as in intestacy.

IV. The court found the testimony showed that "at the execution of the will, the relations between husband and wife were very unfriendly." In this connection it may be noted the widow's petition alleged she and testator were living together at the date of his death. This was formally admitted by one of the resisters. The testimony concerning their relations was as follows:

"Q. Do you know whether or not they had been having difficulties—prior to the drawing of this will? A. Yes sir."

Technically the effect of the answer of the witness was that he knew their relations. He did not actually say what such relations were though it may be assumed he would have testified they had been having difficulties. However, without determining its admissibility, we will say such evidence would not have been sufficient to warrant a reduction in the share given the widow by the language of the will. See authorities hereinbefore cited.

■ V. Over proper objections the court permitted the attorney who drafted the will to testify that when testator first consulted with him testator stated he wanted to leave his wife as little as possible, what the law required and no more; that testator was told this was one third; that it was testator's intention expressed to the attorney, to limit the wife to one third of his estate and that later when testator signed the will he said to the attorney "that is what I want, I want to leave that ―――― ―――― as little as possible." The objections should have been sustained. The general rule upon this proposition is thus stated in 94 A. L. R. 167:

■ "Much confusion exists as to the admissibility of extrinsic evidence to aid in determining the nature or quantum of the estate devised by a will. It is impossible to reconcile the authorities entirely, but certain general principles are deducible from them. One of such rules is that extrinsic evidence is never admissible for the purpose of enlarging or diminishing the estate or interest devised, or to vary the legal effect of the language of the will in this respect."

King v. Ackerman, 2 Black (67 U. S.) 408, 418, 17 L. Ed. 292, 298, states:

"A court may look beyond the face of the will where there is an ambiguity as to the person or property to which it is applicable, but no case can be found where such testimony has been introduced to enlarge or diminish the estate devised."

Barber v. Pittsburgh, Fort Wayne & Chicago Ry. Co., 166 U. S. 83, 109, 17 S. Ct. 488, 495, 41 L. Ed. 925, thus states the rule:

"Evidence of extrinsic circumstances, such as the testator's relation to persons, or the amount and condition of his estate, may be admitted to explain ambiguities of description in the will, but never to control the construction or extent of devises therein contained."

In Mann v. Seibert, 209 Iowa 76, 81, 227 N.W. 614, 616, the question was whether the power of disposal in the will converted or increased the life estate in the spouse to a fee simple. Sub-

930

ject to objections, the testimony of the scrivener was taken. The court stated: "Parol evidence was under the instant facts· not admissible. The testator's intent is to be gleaned from the will. The parol evidence, such as is found here, cannot be considered."

Among other decisions of this court are Moran v. Moran, 104. Iowa 216, 218–222, 73 N.W. 617, 39 L. R. A. 204, 65 Àm. St. Rep. 443, and In re Estate of Coleman, supra, 242 Iowa 1096, 1102, 49 N.W.2d 517, 520. See also Shoberg v. Rock, 230 Iowa 807, 811, 298 **N.W. 838.**

 We hold the will gives the widow the same portion of testator's estate as though he had died intestate. Consequently, the "worthier title" rule is applicable and the estate passes to her under the statutes of descent and distribution and not under the will.

With instructions that judgment be rendered accordingly the case is reversed and remanded.—Reversed and remanded.

MULRONEY, C. J., and BLISS, GARFIELD, WENNERSTRUM, SMITH, and THOMPSON, JJ., concur.