Stella ELLENSTEIN, Incompetent, and Edward L. Mackey, Committee for Stella Ellenstein, Appellants,

v.

Eleanor RIDER, also known as Eleanor Rider Ellenstein, Executrix of the Estate of Abe M. Ellenstein, Deceased, Appellee.

Court of Appeals of Kentucky.

March 6, 1959.

Rehearing Denied Oct. 30, 1959.

Charles I. Dawson, Lee Curd Miller, Bullitt, Dawson & Tarrant, Louisville, for appellant.

Leon J. Shaikun, Sam D. Dalbey, Jr., Raymond Bossmeyer, Louisville, for appellee.

WADDILL, Commissioner.

Abe Ellenstein died testate on October 16, 1956. His will, which was signed and acknowledged on July 12, 1956, was probated on November 7, 1956. Soon thereafter, a controversy arose concerning the property rights of his widow under the will, so this action was brought for a declaration of rights pursuant to KRS 418.040 et seq.

The particular clause of the will presented for interpretation reads:

"If, when I die, a wife survives me, such wife is to take her statutory rights only and no more. * * *."

The residue of his estate was devised to his illegitimate daughter and her mother.

The judgment entered by the trial court limited the widow's share in the estate to one-half of the personal property and to a one-third interest for life in the real estate, which is the portion a surviving spouse is entitled to receive in event of renunciation of the will under KRS 392.080.

On this appeal, it is urged in behalf of the widow that the testator made an express devise to her, and since she has elected to take under that devise, her share of the estate should be measured by the statutes of descent and distribution as though her husband had died intestate. Therefore, it is maintained that she should receive one-half of both the real and personal property under KRS 392.020.

In Talbott's Ex'r v. Goetz, 286 Ky. 504, 151 S.W.2d 369, 371, the will under consideration provided that testator's widow "shall take what the Statutes of Kentucky give to her and no more." In deciding what portion of the estate the widow took under the clause, it was held that her share "must be determined by the laws of descent and distribution of the Commonwealth in the same manner as if the testator had died intestate."

In the case of In re Miller's Estate, 243 Iowa 920, 54 N.W.2d 433, 434, 36 A.L.R.2d 139, the Supreme Court of Iowa was concerned with the interpretation of this sentence in a will:

"I give, devise and bequeath unto my wife, Margaret Miller, if she is my wife at the date of my decease, such portion of my property as she is allowed by the laws of the State of Iowa, and no more."

The Iowa Court in reaching its decision said in part:

"The cited authorities announce the general rule that a gift to the surviving spouse of what the law allows her, or words of like import, entitles her to take as in intestacy. That is the rule in this state as enunciated by Marvick v. Donhowe, supra, 191 Iowa 214, 182 N.W. 182. In re Estate of Fay, supra, 196 Iowa 1099, 1102, 196 N.W. 42, 44, summarized the Marvick case as follows: 'In that case the testator expressly bequeathed to the wife a certain part of his estate, and made the provisions of the statute the measure of such part.' Although some decisions in other jurisdictions may not follow this rule there is no dissent from it in Iowa.

"The basic principle established by the cited decisions is that a provision of a will which gives the widow 'what the law allows her' or words of like import, gives her that 'certain part' of the estate measured by the statutes relating to the descent and distribution of intestate's property. Such a provision is clear and definite. Hence, it should not be nullified by other language of the will unless such other language clearly shows testator's contrary intent."

We have concluded that the trial court misconstrued the bequest, because the testator expressly devised to his wife a portion of his estate and merely let the provisions of KRS 392.020 fix the amount for him as if he had died intestate. Our interpretation is supported by the fact that the testator gives by his will that which he desires to bestow in the exercise of the power of testamentary disposition. He did not say in his will that his wife should only receive such property as the statutes would give her in the event she renounced the will, but he directed that his wife should "take her statutory rights" which, we hold, are those provided by KRS 392.020. Therefore, the amount under this statute is the yardstick for establishing the quantum devised by

the terms of the clause of the will in question.

The judgment is reversed, with directions to enter one in accordance with the views expressed in this opinion.