WM. J. MONROE, Appellee, v. IDA SERVIS et al., Appellants.

**SPECIFIC PERFORMANCE:** Evidence—Sufficiency. Evidence re-
1 viewed, and held sufficient to justify a decree of specific per-
formance.

**DESCENT AND DISTRIBUTION:** Surviving Spouse—Absence of
2 Issue—One-sixth Interest Subject to Intestate's Contracts. The
one-sixth interest, over and above the distributive one third,
which, in the absence of issue, a surviving spouse takes in the
estate of an intestate, is subject to the contracts of such intes-
tate. Sec. 3379, Code, 1897.

*Appeal from Hamilton District Court.*—R. M. WRIGHT, Judge.

MONDAY, MARCH 12, 1917.

ACTION against the administrator and widow for speci-fic performance of a contract of the decedent to convey to the plaintiff certain real estate. There was a decree for the plaintiff, and the defendant appeals.—*Modified and Af-firmed.*

*Wesley Martin,* for appellants.

*G. D. Thompson,* for appellee.

1. SPECIFIC PER-
FORMANCE: evi-
dence: suffi-
ciency.

EVANS, J.—The plaintiff and the dece-dent, J. H. Servis, were at one time the owners in common of a certain property in Webster City. They purchased the same together in the year 1909, and the plaintiff claims that in 1910 he bought out the decedent and paid him the purchase money there-for. The plaintiff immediately went into the exclusive possession of the property, but the making of a deed by

the decedent was neglected. The decedent died in 1913, leaving no issue, and leaving his widow and mother as heirs at law. The trial court found in favor of the plaintiff, and ordered specific performance.

It is urged by appellant that the evidence was wholly insufficient to justify a finding of the contract. The evidence of plaintiff himself as a witness was received subject to objection under Section 4604, Code, 1897, and must, of course, be disregarded so far as it relates to the personal transaction between him and the decedent. The other evidence in the case is quite satisfactory, and leaves no doubt in our minds of the correctness of the finding of the trial court. The purchase price agreed on was $300, made in two payments of $150 each, about a month apart. The parties were close friends. The price agreed on was approximately the actual cost to the decedent of his interest in the property. That is to say, the parties purchased the property, about a year prior, for $400, and expended about $200 in improvements thereon. One Berggren, a mutual friend of both, was present when the first payment by the plaintiff was made, and he learned from both of them that the plaintiff was purchasing the interest of the decedent. Berggren's check for $100 formed a part of the first payment of $150, Berggren being at the time indebted to the plaintiff for that amount. Payment was requested by plaintiff at that time in order to enable him to make the purchase from the decedent. The property was in the possession of tenants. Previous to the time of the alleged sale, the decedent, who was a business man in town, attended wholly to the collection of the rents, the plaintiff not being a resident of the town, but residing upon a farm some miles away. After this transaction, the decedent notified the tenants to pay the rents thereafter to the plaintiff, and stated to them that he had sold the property to the plaintiff. The plaintiff thereafter collected the rents exclusively and made considerable

permanent improvements at his own expense. The tenants, husband and wife, were witnesses.

The widow admits that $300 was received, in two payments as claimed by the plaintiff, but she contends that it was by way of loan. She had no personal knowledge, however, on the subject, other than that she knew that her husband had received the money; nor was there any competent evidence offered by her in support of the theory of loan. We think, therefore, that the evidence as a whole leaves no fair room for doubt as to the fact of the purchase.

2. DESCENT AND DISTRIBUTION: surviving spouse: absence of issue: one-sixth interest subject to intestate's contracts.

The only difficulty we see in the case arises at a point to which attention does not appear to have been directed in the trial court, although it was necessarily involved in the issue made by a general denial. The wife of Servis, now his widow, was not a party to the contract, nor, so far as appears from this record, has she done anything to estop herself from claiming her distributive share as widow. As to such distributive share, the contract is not enforcible against her. The decree as entered was sweeping and complete, and ignored the rights of the widow in this respect. The plaintiff was clearly entitled to the decree as to the undivided two thirds of the undivided one half owned by the decedent. The widow is entitled to claim a one-third interest in said one half.

Her counsel contends for her that she is entitled to hold *one half* of the property, because the decedent left no issue. It appears also that the mother of the decedent, as the only other heir, recognized plaintiff's contract and conveyed to him all her apparent interest as such heir. It is argued, therefore, for the appellant, that the plaintiff is entitled to no further relief, and that his petition should be dismissed on that ground, if on no other. The one-half interest awarded under the statute to the widow in the absence

of issue is intended to include her one-third distributive share. .Her legal distributive share, however, remains one third, as before. The additional one sixth which she takes under the provisions of Section 3379, Code, 1897, she takes as an heir, and not otherwise. If the decedent had died testate, she would take such additional interest subject to the will; she takes it subject to the debts of the decedent, and likewise subject to his contracts. *Wild v. Toms,* 123 Iowa 747; *Smith v. Zuckmeyer,* 53 Iowa 14; *Linton v. Crosby,* 54 Iowa 478.

The fact that the mother of decedent conveyed to the plaintiff her interest as heir, does not deprive him of the right to ask specific performance as against the administrator. The interest of the mother as an heir was subject to the contingency of debts, for the payment of which the property could be subjected upon petition of the administrator. The plaintiff is entitled to the enforcement of his contract, even as against the creditors of the estate. We hold, therefore, that the plaintiff is not entitled to enforce his contract as against the distributive share of the widow. If he had not already paid the full purchase price, he would be entitled to protection in the way of recoupment. Whether he may still protect himself by a claim against the estate is a question not before us.

With the modification herein indicated, the decree will in all other respects be affirmed. Costs in this court will be apportioned. Each party will pay for the printing of his own briefs, and one half of the other costs.—*Modified and Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.