## IN RE ESTATE OF CHARLES W. NOBLE.

**DESCENT AND DISTRIBUTION:** Surviving Spouse—Share When
1  **Will Rejected.** A surviving wife who rejects the husband's will
in her behalf may demand a one-third distributive share, under
Sec. 3366, Code, 1897, but *not* a one-half share plus $7,500, under
Sec. 3379, Code Supplement, 1913, *even though the husband left no
issue.* It follows ·that, should a bequest to a nonpecuniary corpora-
tion be void to the extent that it exceeds the statutory authoriza-
tion, the wife who has rejected the husband's will may not take
any part of such void bequest, even' though the husband left no
issue. In such case, the void bequest (in the absence of a testa-
mentary reversion) will pass to testator's heirs.

**DESCENT AND DISTRIBUTION:** Surviving Spouse—Maximum Share
2  **When Will Rejected.** A surviving spouse may demand more than a
one-third distributive share in the estate of the deceased spouse
under just one condition, to wit: when the deceased spouse dies
both (1) *intestate* and (2) *without issue.*

**DESCENT AND DISTRIBUTION:** Heirs and Next of Kin—Wife as
3  **"Heir."** Principle reaffirmed that a wife is not one of the
"heirs" of her husband.

**WILLS:** Extent of Testamentary Power—Who May Question Unlawful
4  **Devise.** Whether anyone but a surviving spouse, child, or parent
may challenge the validity of a bequest to a nonpecuniary cor-
poration, *quaere.*

*Appeal from Marion District Court.*—LORIN N. HAYS, Judge.

NOVEMBER 14, 1922.

APPLICATION for. an order to determine the rights of certain
parties in a portion of the estate of decedent. The facts appear
in the opinion.—*Reversed.*

*Hickman & Wells* and *E. A. Anderson,* for appellants.

*Norman R.· Hays,* for appellee.

FAVILLE, J.—The testator, Charles W. Noble, died on the

10th day of September, 1919. He was survived by his widow. He left no issue, and his sole heirs at law are two brothers and two sisters, who are the appellants. The will of the testator was executed on March 29, 1914. By the terms of said will he directed that ten shares of bank stock be delivered to two certain parties when they should attain the age of twenty-five years. He gave his household and kitchen furniture to his wife, and his medical library to Drake University, and provided that the balance of his estate should be converted into cash, and, after the payment of all debts, should be disposed of as follows: One third to be given to Ida J. Noble, his widow; and the remaining two thirds to the endowment fund of the Bible Department of Drake University, with the provision that the latter should pay a five per cent annuity to two parties named, until they should each have attained the age of twenty-one years.

1. DESCENT AND DISTRIBUTION: surviving spouse: share when will rejected.

On December 20, 1919, the surviving spouse filed of record a renunciation of said will, and an election to take her distributive share in the estate. The cause was submitted to the trial court upon an agreed statement of facts embodying the foregoing matters, and also a stipulation that said will was duly admitted to probate, and that, under the terms of Section 3270 of the Code, the bequest to the endowment fund of the Bible Department of Drake University was void as to all in excess of one fourth of the estate of the testator, after payment of debts.

It is conceded by all parties that, under her election, the widow became entitled to one third in value of the legal or equitable estates in the property possessed by the husband at the time of his death. Code Sections 3362 and 3366. After the payment of debts and after the deduction of one third in value of the entire estate for the widow, under her election, and after the payment of the legal portion of the bequest to Drake University, there yet remains approximately $3,500 of said estate undisposed of by the terms of the will of the said decedent. This is the portion of the bequest to Drake University which it cannot receive, under the statute.

It is the contention of the appellants that the said portion of said estate passes to them, as the sole heirs at law of the decedent.

It is the contention of the surviving widow of said testator that she is entitled to take the whole of the estate to the amount of $7,500, after the payment of the debts and expenses of administration, and one half of all the estate in excess of the said $7,500, under the provisions of Section 3379 of the Code, as amended. The sole question for determination is, Who is entitled to this portion of the estate of the decedent? Code Section 3379, as amended by Chapter 280 of the Acts of the Thirty-fifth General Assembly, is as follows:

"If the intestate leaves no issue, the whole of the estate to the amount of seventy-five hundred dollars, after the payment of the debts and expenses of administration, and one half of all of the estate in excess of said seventy-five hundred dollars shall go to the surviving spouse and the other one half of said excess shall go to the parents. If no spouse, the whole shall go to the parents."

The right of the surviving spouse to claim any portion of the estate of the decedent in excess of the one third provided for her under Sections 3362 and 3366 must be solely under the provision of said Section 3379.

2. DESCENT AND DISTRIBUTION: surviving spouse: maximum share when will rejected. The decedent cannot, by the provisions of his will, in any manner deprive the widow of her distributive share of one third of his estate. This rule has been so frequently declared and so universally recognized that citation of authorities in support of the same is wholly unnecessary.

In this case, the widow renounced the will, and elected of record to take her distributive share in the estate of said decedent. This gave her a one-third interest therein. Subject to the right of her distributive share, the decedent could by will freely dispose of all the rest of his estate to others. *Hastings v. Day*, 151 Iowa 39, 45. This is true whether the decedent leaves issue or not. In other words, a decedent leaving a surviving widow, in every case and under all circumstances and conditions, has the right to dispose of all his estate by a will, save and except only the one-third distributive share given to the wife by the terms of the statute. This one-third distributive share, the widow takes under the Code, as a matter of contract and of right, and not by inheritance. *Smith v. Zuckmeyer*, 53 Iowa 14;

*Burns v. Keas,* 21 Iowa 257; *Rausch v. Moore,* 48 Iowa 611; *Phillips v. Carpenter,* 79 Iowa 600; *French v. French,* 84 Iowa 655; *In re Estate of Kuhn,* 125 Iowa 449. She cannot be deprived of any part of it by will, except with her consent.

Of course, the decedent, by the terms of his will, may grant to the wife any portion of his estate in excess of the one third; but he cannot, by the provisions of his will, deprive her of the full one-third share.

The law in this state recognizes one instance, and one only, where the widow of a decedent is entitled, as a matter of law, to a larger amount than her distributive share of one third. The single instance where she is so entitled to such increased amount is under Section 3379 of the Code, as amended, where the decedent dies *intestate,* and where he leaves *no issue.* In such event, after the payment of the debts and expenses of administration, the surviving widow takes all of the estate to the amount of $7,500, and one half of the estate in excess of that amount.

In the instant case, the decedent did not die intestate. He attempted to dispose of all of his estate by will. The widow, having renounced the will and elected to take her distributive share, became entitled to her one-third interest—commonly known as "dower"—in the entire estate of said decedent. This must be set aside to her. After this has been done, the remainder of the estate is to be disposed of under the terms and provisions of the will. When this is attempted to be done, however, in this case, it is discovered that, by virtue of the bequest to the charitable corporation, a portion of the estate of the decedent cannot pass under the terms of the will. There is no residuary clause or other provision of the will under which this portion of the estate can pass. To whom does it go, under this situation?

It is the contention of the widow that she is entitled to so much of said portion of said estate as will make up to her the $7,500 to which she claims she is entitled as a surviving widow, under Section 3379 of the Code. She would be entitled to this, had the decedent died intestate.

It is to be noticed that Section 3379 of the Code specifically refers to "the intestate." It does not refer to "intestate property," nor in any way to voided or lapsed legacies. Code Section 48, Paragraph 2, provides:

"Words and phrases shall be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed according to such meaning."

The words "the intestate" have acquired a peculiar and appropriate meaning in law. The word "intestate" signifies a person who died without leaving a valid will. 2 Bouvier's Law Dictionary 1679, and *Messmann v. Egenberger*, 46 App. Div. 46 (61 N. Y. Supp. 556). The meaning of the words "the intestate" as used in our statute is perfectly plain and obvious. It refers to a person who has died without leaving a valid will. Under no reasonable construction of language could the decedent in this case be held to be an intestate. He left a valid will, which has been duly admitted to probate.

Where a testator leaves a will, no matter what provisions may be made therein for the widow, if she renounces the will and elects to take under the statute, she thereby becomes entitled to her distributive share of one third of the estate of the decedent.

If the decedent is survived by a widow, and leaves no issue, but has left a will, the widow, by renunciation of the will and an election to take under the statute, does not become thereby entitled to the whole of the estate in the amount of $7,500, after the payment of debts and expenses of administration, and one half in excess of said amount. She becomes entitled, under the renunciation of the will, to her distributive share of one third. She could not, by her renunciation, increase it to $7,500 and one half of the balance, under Section 3379. It is obvious that, by its very terms, Section 3379 has no application to a situation where there is a will and a disposal of the estate of the decedent thereby.

It is contended, however, that, as to the portion of said estate which was ineffectually disposed of by the will, the widow is entitled to a share therein, as heir of her husband.

3. DESCENT AND DISTRIBUTION: heirs and next of kin: wife as "heir." The difficulty with this situation at the outset is that the widow, by her election, has received and had set apart to her the full share of the entire estate of her husband to which she

was entitled, to wit: her distributive share of one third. It is true that, in cases where the decedent dies intestate, and where no issue survives, the widow is entitled to her distributive share in the estate of the decedent, free from debts; and that she takes the balance of her share, above the one third, to make up the one half to which she would then be entitled under Section 3379 of the Code.

In some of the early cases, as to this one sixth to which she was entitled, we said that she took the said portion as "heir of her husband." The real meaning and application of this term, however, as applied to such share of the estate of the decedent, were explained and made clear in *Schultz v. Schultz,* 183 Iowa 920, wherein we said:

"If no disposition is made by the husband during his lifetime, by will or otherwise, of the one sixth, and there are no debts to which it may be subjected, she takes the half, not as heir, but by virtue of the statute referred to. These cases afford no support to the plaintiff's claim that this widow could take as heir. *Wilcke v. Wilcke,* 102 Iowa 173, *Hays v. Marsh,* 123 Iowa 81, and *Wild v. Toms,* 123 Iowa 747, though saying in words that she takes as heir, simply held that the one third that she takes under the first statute is all that is protected against the action of the husband, and that the one sixth, going to make the half, does not have such protection. But it is clear that, under either, the third or half, whichever she gets, she takes, not as heir, but by virtue of the statute. She takes a third of the real estate of which her husband was the legal or equitable owner during marriage, absolutely free from any right, on his part, to dispose of or in any way impair that right; while the one sixth, which goes to make up the half, she takes also under statute, but subject to the right of the husband, during his lifetime, to make disposition of it, and subject to debts, charges, etc. We think there was no intention in any of these decisions to hold, as a general proposition, that the widow is, in any sense, the heir of her husband."

The precise question presented in this case has, so far as we are advised, never been determined by this court. In *Clark v. Griffith,* 4 Iowa 405, the question of whether or not, under such circumstances, the widow would be entitled to any portion of

the estate remaining undisposed of by will was suggested, but not decided. We did say, however, in said case, in discussing the statute as it then existed, giving to the wife one half of the estate of a decedent who died intestate and without issue:

"We think it is intended to refer primarily to the estate of a person who dies intestate, without issue. Where the estate, or part of it, is disposed of by will, the widow is not entitled to one half. The husband, though dying without issue, may, by his will, deprive his wife of all interest in his estate, except her dower, as allowed by law."

In this case there is a will, and by virtue of her election, the widow takes her one-third or distributive share in the entire estate of the decedent. All bequests under the will are subject to this right. By virtue of Code Section 3270, a portion of one bequest is ineffectual, and a part of said bequest is undisposed of by the will. The decedent, however, was not "an intestate," within the meaning of Section 3379, even though a portion of his estate, by reason of the statute, cannot pass to the beneficiary named in the terms of his will. If the decedent had died intestate, there can be no question that, under Section 3379, the widow would have been entitled to the entire estate, above debts and expenses, to the amount of $7,500, and one half of the excess; but, as we view it, that statute has no application to the situation in this case. The decedent did not die intestate. The widow renounced the will, and elected to take her distributive share, and has received from the entire estate of the testator her full share therein. This is all that she can obtain from the estate of a decedent who leaves a will. The lapsing of a bequest, or a portion thereof, could not increase the share of the widow in the estate of the decedent. The decedent having died testate, her share in his estate, in the event she renounced the will, is limited to a one-third share therein. This share is to be enlarged only in the single instance where a decedent dies *intestate*. It has no application to a situation where he dies leaving a will. The widow, having received her full share in the estate of the testator, cannot participate in a void legacy. There being no residuary legatee, it must pass to the heirs of the decedent.

The provisions of Code Section 3270 render the bequest to the Drake University invalid in part, because it is in excess of

one fourth of the testator's estate, and because a spouse, child,
or parent survive the testator.  We do not pass
upon the question as to whether or not anyone
but the surviving spouse, child, or parent may
challenge the validity of a bequest to a corpora-
tion not for pecuniary profit, under the provisions of Code Sec-
tion 3270.  That question is not before us in this case, as all
parties stipulate that the bequest to Drake University in excess
of one fourth of the testator's estate was invalid; and this is
conclusive on us.

4. WILLS: extent
of testamentary
power: who
may question
unlawful devise.

The decree of the lower court denied the appellants, as sole
heirs at law of the decedent, the amount of the bequest to Drake
University which was void, and awarded the same to the widow.
This was erroneous.  The decree must, therefore, be—*Reversed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.