ANNIE THEEN, plaintiff-appellant, v. IRVIN B. MILLER, guardian; ARTHUR J. BRAGINTON, executor of last will and testament of Theodore J. Theen, et al., defendants-appellees.

IN RE ESTATE OF THEODORE J. THEEN, deceased.

A. J. BRAGINTON, executor, plaintiff-appellee, v. ANNIE THEEN, defendant-appellant.

No. 49678

(Reported in 96 N.W.2d 734)

JUNE 9, 1959

REHEARING DENIED JULY 24, 1959

Charles F. O'Connor, of Manson, and Maurice J. Breen, of Fort Dodge, for appellant.

**1146**

A. J. Braginton, of Manson, Bradshaw & Crawford, of Fort Dodge, Gordon L. Madson, of Rockwell City, and Bernard L. Willis, of Lake City, for appellees.

HAYS, J.—Is a surviving spouse of her husband who died testate and without issue his heir-at-law? The trial court held not and she appeals.

Theodore J. Theen by his will gave to his wife, if she survived him, an undivided one-third interest in his estate. All of the remainder he gave to his heirs-at-law. The widow seeks an interest in the remainder. The defendants in the action, and who claim all of the remainder, are a sister and nieces and nephews of the decedent.

■ ■ I. It is the established law, and all parties so concede, that whatever right one may have in the estate of another is purely statutory, as is also the right of disposal by will. In re Estate of Fitzgerald, 223 Iowa 141, 272 N.W. 117; Elson v. Security State Bank of Allerton, 246 Iowa 601, 67 N.W.2d 525. It must also be conceded that under our statutes, whether it be in case of testacy or intestacy, the surviving spouse stands in a special and preferred position. Section 633.1, Code of 1954 (all references are to the 1954 Code), creates the right of disposal by will. Section 636.5, entitled "Dower", gives to the surviving widow an undivided one-third interest in the estate of her deceased husband (see also section 636.6). Section 636.21 provides that this one third may not be otherwise disposed of by will (see also section 633.1) without her consent. Subject to this exception, section 636.21, and a few others not material here, the power of disposal is unrestricted. In the event one dies intestate having children surviving, the widow's share remains one third, with the balance passing to the children as provided by section 636.31. If one die intestate survived by a spouse but without issue, section 636.32 governs. It is as follows: "If the intestate leaves no issue, the whole of the estate to the amount of fifteen thousand dollars * * * and one half of all the estate in excess * * * shall go to the surviving spouse and the other one half * * * shall go to the parents. * * *." It is under this section that appellant claims as an heir-at-law.

II. Section 636.32 has been before this court many times and has continuously been held to be not applicable where one died testate without issue and survived by a spouse, except as the worthier title rule might apply. In re Estate of Coleman, 242 Iowa 1096, 49 N.W.2d 517; In re Estate of Miller, 243 Iowa 920, 54 N.W.2d 433, 36 A. L. R.2d 139. An examination of the cases above-cited clearly shows the worthier title rule is not applicable to the instant case nor does appellant seriously so contend.

III. Appellant, while recognizing above authorities, contends that since the will in question gives to testator's "heirs-at-law" only by recourse to the statutes dealing with descent and distribution may "heirs-at-law" be determined; that only under section 636.32 may they be determined here. In construing this section as to just what and how the widow takes the half of the surplus, we have many times stated that she takes one third as her distributive share (section 636.5), and the difference of one sixth she takes as an heir-at-law. Ralston v. Ralston, 3 (G. Greene) Iowa 535; Phillips v. Carpenter, 79 Iowa 600, 44 N.W. 898; Monroe v. Servis, 179 Iowa 583, 161 N.W. 653; Boyles v. Cora, 232 Iowa 822, 6 N.W.2d 401. However in each instance where she has been declared to be an heir it has been limited to where it was necessary to determine the character of the estate in the property in excess of the one third to which the surviving widow was entitled under section 636.5, or its corresponding sections in earlier Codes, and all involved intestacy or the worthier title rule. Whether it be dicta or not we stated that, generally speaking, the surviving widow is not an heir of her deceased husband. Schultz v. Schultz, 183 Iowa 920, 167 N.W. 674; In re Estate of Noble, 194 Iowa 733, 190 N.W. 511, 26 A. L. R. 86; Brotherhood of American Yeoman v. Shine, 196 Iowa 554, 194 N.W. 362.

Boyles v. Cora, supra, 232 Iowa 822, 846, 6 N.W.2d 401, 413, holds as to this one sixth she takes as an heir and then says, "The rights of the widow in the estate of her deceased husband are fixed by statute, by the same authority which specifies the rights of heirs. These rights of appellee are on a plane as high as those of an heir * * *", which would seem to place the widow, generally speaking at least, in a category other

than that of an heir-at-law of her deceased husband. That such conclusion is sound finds strong support in our statutes. After giving the half interest to the widow and a half to decedent's parents, section 636.32, it is provided who may receive the parents' half interest in case of death of one or both parents prior to decedent, sections 636.39 and 636.40. It is then provided by section 636.41: "If heirs are not thus found, the portion uninherited shall go to the spouse of the intestate * * *." If the surviving spouse comes within the general category of an heir-at-law of the intestate there would seem to be no reason for this section.

In Ramsay v. All Unknown Claimants, 241 Iowa 715, 717, 42 N.W.2d 386, 388, speaking of section 636.41 it is said, "The section 'contemplates a situation where, under the statutes preceding it * * * no heirs are in existence, and * * * declares that the uninherited portion shall go to the widow.' " See also Deur v. Kellogg, 245 Iowa 689, 63 N.W.2d 923.

We hold that where one uses the term "heirs-at-law" to designate who shall succeed to his estate, such term does not include the surviving spouse under any technical meaning of such term.

IV. The term "heirs" or "heirs-at-law" as used in a will may have a different meaning from that of "he upon whom the law casts the estate immediately upon the death of the owner thereof", if such intent of the testate appears in the will. Wright v. Copeland, 241 Iowa 447, 41 N.W.2d 102. However there is nothing in the instant will showing any intention that by the term "heirs-at-law" the testator included his wife therein. In fact, we think quite the contrary as he specifically gave her a one-third interest, and the balance to another group which, technically speaking, does not include her.

The decision of the trial court is correct and is affirmed.— Affirmed.

All JUSTICES concur.