IN RE ESTATE OF PAUL L. DAVIS, deceased.

WINNIFRED DAVIS, appellant, v. WILBUR L. DAVIS, appellee.

No. 50580.

April 3, 1962.

Rehearing Denied May 8, 1962.

Whicher, Davis & Yaneff, of Sioux City, for appellant.

John B. Pizey and Carl W. H. Sass, both of Sioux City, for appellee.

Larson, J.—The sole issue before us in this appeal is whether a surviving widow of a deceased testator may take the share set forth in section 636.32 of the Code when, due to a failure of a bequest, the residue of the estate exceeds her statutory share set forth in section 636.5, Code, 1958. The trial court held such residue descended as intestate property to the only surviving heir, that she was not an heir of decedent and could receive only a one-third share as provided in section 636.5 of the Code.

The issue arose pursuant to an application by the widow, Winnifred Davis, in the estate of Paul L. Davis, deceased, and an answer filed by decedent's brother, Wilbur L. Davis, the sole heir-at-law. The matter submitted on a stipulation of facts discloses that Paul L. Davis, a resident of Sioux City, Iowa, executed a will December 24, 1959, and died December 27, 1959; that the will admitted to probate January 27, 1960, provided, first, that his just debts be paid, and second, " 'I direct that the residue of my estate both real and personal be devised and bequeathed to the Shriners Hospital in Minneapolis, Minnesota,' ", a corporation organized not for profit within the meaning of section 633.3 of the Code; that Paul L. Davis died without issue, left no surviving parent, had no sisters, and only one brother, who is the appellee herein; that the appellant, Winni-

fred Davis, the surviving spouse "did not file [herein] an election to reject the will and take her distributive share. Nor did she elect to take any homestead right"; and that the assets in the estate do not exceed $15,000.

It is appellant's contention that since she was not mentioned as a devisee in the will, and that due to her objection the bequest to the charity could not exceed one fourth of the value of decedent's estate under section 633.3 of the Code, the remainder descended as intestate property and she could take the share set forth under the provisions of section 636.32 of the Code, not under 636.5 the amount commonly referred to as dower.

The trial court did not agree, pointing out that section 636.32 applied only where an "intestate leaves no issue". It awarded the applicant widow a one-third share in the estate of her deceased husband after payment of debts and the cost of administration already agreed by the parties, and awarded the remaining two thirds to decedent's sole heir-at-law, Wilbur L. Davis, subject to the payment to the Shriners Hospital in Minneapolis, Minnesota, of the devised one fourth of the net estate after the payment of the debts and cost of administration. We agree with the trial court's decision.

I. The law of descent and distribution in this jurisdiction is purely statutory. In other words, in Iowa the right to dispose of property by will and the designation of those who may inherit in case of intestacy, as well as the extent thereof, is entirely statutory. Theen v. Miller, 250 Iowa 1144, 1146, 96 N.W.2d 734; Elson v. Security State Bank of Allerton, 246 Iowa 601, 67 N.W.2d 525; In re Estate of Fitzgerald, 223 Iowa 141, 272 N.W. 117. Such matters are strictly and exclusively within legislative control. In re Estate of Fitzgerald, supra; In re Estate of Schlict, 221 Iowa 889, 266 N.W. 556. We have already construed the sections involved herein, pointing out by statute the surviving spouse is given special and preferred treatment. Section 633.1, Code, 1958, creates the right of disposal by will, and section 636.5 provides the share of the surviving spouse shall not be reduced below one third the value of the estate of the deceased spouse unless consent is given. Section 636.21 of the Code. It may be more in the event one dies intestate without issue. Section 636.32; Theen v. Miller, supra. We have con-

stantly held the latter section is only applicable when there was no valid will and no issue. In re Estate of Noble, 194 Iowa 733, 190 N.W. 511, 26 A. L. R. 86; In re Estate of Fay, 196 Iowa 1099, 196 N.W. 42.

II. Appellant, however, contends section 636.32 also relates to all undisposed remainders, and since there was no other residual clause in the decedent's will, and three fourths of the bequest for charity fails, that remainder is intestate property and should be given to her under this legislative mandate. It is an ingenious argument but fails to consider the plainly expressed conditions to take under that statute. In In re Estate of Noble it was said on page 739 of 194 Iowa: "The decedent having died testate, her share in his estate, in the event she renounced the will, is limited to a one-third share therein. This share is to be enlarged only in the single instance where a decedent dies *intestate*. It has no application to a situation where he dies leaving a will." This conclusion, we think, is inescapable.

Section 636.32, Code, 1958, provides: "If the *intestate* leaves *no issue*, the whole of the estate to the amount of fifteen thousand dollars, after the payment of the debts and expenses of administration, and one-half of all the estate in excess of said fifteen thousand dollars shall go to the surviving spouse and the other one-half of said excess shall go to the parents. * * *." (Emphasis supplied.)

Decedent did not die intestate, so unless for some reason the entire will was invalid, the surviving spouse could not take under this section of the Code. In re Estate of Noble, supra, 194 Iowa 733, 190 N.W. 511, 26 A. L. R. 86; In re Estate of Fay, supra, 196 Iowa 1099, 196 N.W. 42. We have never held otherwise.

III. While the survivor's share is increased under conditions stated in section 636.32 and the disposition of the balance of the intestate's property is therein set forth, the section does not attempt to dispose of any undisposed testate property. It is true we have often said such remainder descends *as* intestate property. Karolusson v. Paonessa, 207 Iowa 127, 222 N.W. 431; In re Estate of Dluhos, 246 Iowa 1043, 1051, 70 N.W.2d 549, and citations. But in doing so, we did not infer that one leaving

intestate property necessarily died intestate. Apparently appellant fails to distinguish between the property of the intestate and intestate property. They are not necessarily the same. Under the plain terms of section 636.32, only the property of one dying intestate without issue is involved. On the other hand, property of a testator not devised, we have said, descends as intestate property to the heirs of decedent. Karolusson v. Paonessa, supra. The term "intestate property", as used in such cases, simply means undevised property of a testator.

IV. A surviving widow is not an heir of her deceased husband. Theen v. Miller, supra, 250 Iowa 1144, 1147, 96 N.W. 2d 734, and citations. Although in considering the widow's additional one-sixth share under section 636.32, we have stated she takes as an heir-at-law, we explained that reference in Theen v. Miller, supra, as limited to where it was necessary to determine the character of the estate in the property in excess of the one third to which the widow was entitled under section 636.5 or its predecessor which involved intestacy or the worthier title rule. In Boyles v. Cora, 232 Iowa 822, 846, 6 N.W.2d 401, 413, we said the rights of a widow beyond her one-third statutory share in the estate of her deceased husband fixed by statute are on the same plane as those of an heir. Her rights to inherit a part of an undisposed remainder in a like manner as intestate property then, it seems, are prescribed in section 636.41 and are effective only if heirs are not found as provided in section 636.40.

V. Appellant's attempt to distinguish our holding in In re Estate of Noble, supra, on the ground that there the widow elected to take her one-third survivor's share has no merit. Although here it appears appellant did not elect to take such an interest, it also does not appear that she consented to take under the will, a consent under the circumstances which could well result in her receiving no share at all. At any rate, not having consented to such disposition, the law gives her a one-third undivided share, and the result is the same as if such an election by her had been made.

VI. Our conclusion here finds support in In re Estate of Fay, supra, 196 Iowa 1099, 1102, 196 N.W. 42. In sustaining the trial court we said the widow under the will could "elect to take her one-third distributive share, * * *, and no more. Her

978

claim for $7500 and for one half of the remainder, as provided by section 3379 [now 636.32], cannot be sustained. Such section relates only to the property of an intestate. It is not effective as against the will of the testator."

In the matter before us we must also hold that appellant's share cannot exceed one third of the estate after debts and administration cost, and that, not being an heir of the deceased, she cannot share in the remainder after the charity bequest of one fourth of the estate is deducted. That remainder descends under the law to the brother, Wilbur L. Davis, as the only heir. —Affirmed.

All JUSTICES concur.