In the Matter of the **ESTATE OF Kathryn METTEL, Deceased.**

**Nancy SMITH, Appellant,**

v.

**DUBUQUE BANK & TRUST CO., Executor of the Estate of Kathryn Mettel, Deceased, Appellee.**

No. 96–1548.

Supreme Court of Iowa.

July 23, 1997.

David James Hanson of Hofmeyer, Hurley & Hanson, P.C., Fayette, for appellant.

Arnold J. Van Etten of Kintzinger Law Firm, P.L.C., Dubuque, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

McGIVERIN, Chief Justice.

The issue in this appeal is whether the district court erred in determining that Iowa Code section 633.276 (1995) precludes the bequest of a bank savings account by means of incorporating extrinsic documents into a will. Finding no error, we affirm.

I. *Background facts and proceedings.* This case involves the purported bequest, in a document extrinsic to a will, of the testatrix's bank savings account to her niece. On April 24, 1978, Kathryn Mettel executed a will. On September 5, 1989, she executed a codicil which added the following article to her will:

> It may be my will and desire to leave certain items of personal property to persons in kind. These specified items shall not be sold or otherwise disposed of by my Executor. These items will be specified in a written document which I will deliver to my Executor during my lifetime, deposit with my attorney or place with the original of my Will. Such writing shall be invalid unless it is dated and signed by me. My Executor shall distribute the items of property to the distributees entitled to them, whether outright or in trust, pursuant to the written instructions in that written document.

No party challenges the validity of the will or the codicil. On November 19 and 20, 1995, Mettel dated and signed several documents, each of which was entitled "Instructions for Distribution of Specified Personal Property Authorized in my Last Will and Testament." The documents listed items of personal property, including furniture, kitchen appliances, dishes, jewelry, a car, and clothing, and named the persons to whom the items were to be distributed. These extrinsic documents were not witnessed as is required for a will.

*See* Iowa Code § 633.279(1). One of the documents listed, among other items, "what's left of my [savings]" and identified one of Mettel's nieces, claimant Nancy Smith, as the distributee. Mettel died on November 29, 1995, at the age of ninety-two.

Mettel's will and the codicil were admitted to probate in district court. Dubuque Bank & Trust Company was appointed executor of her estate.

Smith filed a claim against Mettel's estate in district court seeking $62,939.43, the amount remaining in Mettel's savings account in a bank at the time of Mettel's death. The claim was based both on the purported bequest by Mettel to Smith in the November 1995 separate "Instructions" document and on Smith's alleged caretaking services to Mettel for several years prior to Mettel's death. The executor of Mettel's estate, Dubuque Bank & Trust Company, disallowed the claim and filed a motion for partial summary judgment, arguing that a bank savings account is not tangible personal property and thus cannot be transferred by means of a writing separate from the will. *See id.* § 633.276. The executor asked that the portion of Smith's claim based on the purported gift or bequest be dismissed.

The district court granted the executor's motion for partial summary judgment. The court reasoned that the documents signed by Mettel on November 19 and 20, 1995, were valid only to the extent they complied with Iowa Code section 633.276 and concluded that the savings account did not constitute tangible personal property so as to be capable of disposition by a writing separate from Mettel's will. The district court's ruling did not affect Smith's claim for caretaking services rendered to Mettel.

Claimant Smith appealed.

II. *Standard of review.* We review the district court's grant of summary judgment on error. Iowa R.App. P. 4; *Sautter v. Interstate Power Co.*, 563 N.W.2d 609, 611 (Iowa 1997). We uphold such judgment when the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 237(c); *C–Thru Container Corp. v. Midland Mfg. Co.*, 533 N.W.2d 542, 544 (Iowa 1995).

III. *Attempted bequest of bank account by means of incorporating extrinsic documents into will.* On appeal, claimant Nancy Smith contends Iowa Code section 633.276 should be interpreted as codifying alleged common-law rights to bequeath any kind of personal property by incorporation of extrinsic documents into a valid will. Alternatively, she argues that the term "tangible personal property" in section 633.276 should be interpreted as encompassing a bank account.

A. *Derivation of right to bequeath property.* Claimant Smith contends that individuals have a common-law right to make testamentary dispositions of their personal property. Although she concedes that Iowa has long viewed the right to take property by devise or descent as a statutory privilege, Smith urges us to recognize a "natural" or "constitutional" right to make a will based on an individual's right to private property. *See Shriners Hosps. v. Zrillic*, 563 So.2d 64, 67 (Fla.1990). Such an approach would limit the application of statutory will requirements and, Smith argues, allow Mettel's purported bequest of her savings to Smith in the present case.

■ However, we have emphasized that the right to dispose of property by will is statutory:

The right to take property by devise or descent is a statutory privilege, and not a natural right. Such matters are strictly within legislative control. Our state Constitution, in its Bill of Rights, insures and secures the acquiring, possessing, and protecting [of] property as an inalienable right. This guaranty, however, ceases to operate at the death of the possessor. Neither our state nor our Federal Constitution secures the right to anyone to control or dispose of his property after his

death, nor the right to anyone, whether of kin or not, to take it by inheritance.

*In re Estate of Emerson,* 191 Iowa 900, 905, 183 N.W. 327, 329 (1921) (citations omitted); *accord In re Estate of Davis,* 253 Iowa 973, 975, 114 N.W.2d 314, 315 (1962). We reject Smith's suggestion that we should regard that right as a "natural" or "constitutional" one.

■ B. *"Tangible personal property" under Iowa Code section 633.276.* Having reiterated that the right to dispose of property by will is statutory, we must next determine whether Mettel's purported bequest of her bank savings account to claimant Smith satisfies Iowa's statutory scheme. In order to be valid, a will executed in Iowa must:

> be in writing, signed by the testator, or by some person in the testator's presence and by the testator's express direction writing the testator's name thereto, and declared by the testator to be the testator's will, and witnessed, at the testator's request, by two competent persons who signed as witnesses in the presence of the testator and in the presence of each other.... 

Iowa Code § 633.279(1). Smith makes no claim that the document purporting to bequeath Mettel's savings constitutes a will; instead, she contends the document makes a valid testamentary disposition under Iowa Code section 633.276. That statute provides:

> A will may refer to a written statement, letter, or list to dispose of items of *tangible personal property* not otherwise specifically disposed of by the will, except tangible personal property used in trade or business. *Tangible personal property, for purposes of this section, includes household goods, furnishings, furniture, personal effects, clothing, jewelry, books, works of art, ornaments, and automobiles.* If the writing is dated and is either in the handwriting of the testator or is signed by testator, and if it describes the items and distributees with reasonable certainty, the personal representative shall distribute the described items of *tangible personal property* to the distributees entitled to them. The

writing may be referred to as one to be in existence at the time of the testator's death. The writing may be prepared before or after the execution of the will. The writing may be altered, added to, or changed in any respect by the testator after its preparation, and it may be a writing which has no significance apart from its effect upon the dispositions made by the will. Property passing by the writing shall be considered as property passing as a specific bequest under will.

*Id.* § 633.276 (emphasis added). For the following reasons, we believe the term "tangible personal property" does not encompass a bank savings account for purposes of section 633.276.

1. The plain language of Iowa Code section 633.276 indicates that the legislature did not intend "tangible personal property" to include a bank account. The statute provides a lengthy list of items qualifying as "tangible personal property": "household goods, furnishings, furniture, personal effects, clothing, jewelry, books, works of art, ornaments, and automobiles." *See id.* All of these items are material objects suitable for personal or household use. The statute does not mention bank accounts, nor do bank accounts bear sufficient similarity to the enumerated items to warrant their inclusion without express designation by a statute.

Claimant Smith points out that the last sentence of section 633.276 refers to "property" without any modifying language and argues that such reference evidences the legislature's intent to include all personal property, whether .tangible or intangible. We do not agree. The first three sentences of section 633.276 clearly narrow the statute's applicability to "tangible personal property." We conclude the term "property" in the last sentence refers back to those sentences and does not alter their meaning.

2. Our prior cases, while not addressing the precise issue presented here, have employed the term "tangible personal property" to designate personal and household items. In *In re Estate of Thompson,* 511 N.W.2d

374, 376–78 (Iowa 1994), we characterized "personal effects, clothing and household goods" as tangible personal property and referred to treasury bills, bonds, investment accounts, and bank accounts as intangible personal property. Similarly, in *In re Estate of Oxley*, 262 N.W.2d 144, 150 (Iowa 1978), we referred to stocks, bonds, and certificates of deposit as intangible personal property. *Cf. In re Estate of Schmidt*, 638 P.2d 809, 810–11 (Colo.App.1981) (determining that bank accounts, credit union accounts, and insurance proceeds could not be disposed of by document extrinsic to will, because statute expressly excluded such property).

Our conclusion that Mettel's savings account constitutes intangible personal property is consistent with the references to tangible and intangible personal property in those cases.

Moreover, the ordinary meanings of the words "tangible" and "intangible" support our interpretation of those terms. "Tangible" means "[d]iscernible by the touch; capable of being touched; palpable." The American Heritage Dictionary 1242 (2d college ed.1985). "Tangible property" is defined as "[p]roperty that has physical form and substance and is not intangible. That which may be felt or touched, and is necessarily corporeal, although it may be either real or personal," while "intangible property" is defined as "such property as has no intrinsic and marketable value, but is merely the representative or evidence of value, such as certificates of stock, bonds, promissory notes, copyrights, and franchises." Black's Law Dictionary 809, 1456 (6th ed.1990).

3. There are sound policy reasons for the statutory requirements governing wills. The formalities prescribed by the legislature serve to "prevent fraud and uncertainty in the testamentary dispositions of property, by rendering it certain that the testator is cognizant of the nature of the instrument which he signs." 79 Am.Jur.2d *Wills* § 183, at 409 (1975). In enacting Iowa Code section 633.276, the legislature recognized a less formal method of disposition, but only with regard to tangible personal property. We believe that confining the applicability of that statute to personal and household items promotes the legislature's desire to protect the integrity of testamentary transfers of property.

We conclude that the term "tangible personal property" as used in Iowa Code section 633.276 does not include bank savings accounts, and thus that Mettel's purported bequest of her savings account, via a document separate from her will, is not valid. The district court correctly sustained the executor's motion for partial summary judgment. Mettel's savings account does not pass to claimant Smith for the reasons stated above.

IV. *Disposition.* We affirm the judgment of the district court.

**AFFIRMED.**